Counsel may submit an order in conformity with this opinion, consented to as to form.

BENEDETTO PAOLELLA, SANDY WILLIAMS, Jr., ALFRED R. COX, JOHN J. JOHNSON AND HENRY O. CAHOON, PLAINTIFFS, v. MAYOR AND COUNCIL OF THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided August 1, 1962.

*Messrs. Gross and Gross (Mr. Albert S. Gross, Esq., appearing), attorneys for plaintiffs.*

*Messrs. Morrison, Lloyd & Griggs (Mr. George A. Brown, appearing), attorneys for defendant.*

O'DEA, J. C. C. (temporarily assigned). By complaint in lieu of prerogative writs plaintiffs seek to submit an ordinance regulating the hours of employment of the employees of the fire department to the voters for adoption at the next general election under the initiative and referendum provisions of the Faulkner Act, *N. J. S. A.* 40:69A–184 *et seq.*

The defendant adopted the municipal manager form of government under *R. S.* 40:79–1 *et seq.* long prior to the adoption of the Faulkner Act, June 8, 1950. This act clearly provides optional plans of municipal forms of government, the method of adoption, and certain specific enumerated powers to municipalities not theretofore incorporated in municipal law, such as the power of initiative and referendum.

The determinative issue in this case is therefore whether the power of initiative and referendum granted by the Legislature on adoption of the Faulkner Act is limited to Faulkner Act municipalities or whether the powers granted by the Legislature under the Faulkner Act are general grants to all municipalities.

It has been held that general powers of municipalities granted under general laws other than the Faulkner Act are grants to municipalities operating under its provisions. *Bucino v. Malone,* 12 *N. J.* 330 (1953). All municipalities are bound by general municipal election laws not inconsistent with the act. *Horwitz v. Reichenstein,* 15 *N. J.* 6 (1954). Though the act has been in force 12 years, there appears to have been no construction extending special Faulkner Act powers to municipalities generally.

Since the free choice of form of municipal govern-

ment is vested in the people of each community under the provisions of the act, and the purpose of the act was to allay the confusion of the forms of municipal government and the varied powers of each by submitting the form and powers of municipal government under the Faulkner Act for free adoption by people of the community of a specific form of government with specific powers (*Bucino v. Malone, supra*) it is clear that those municipalities which have not adopted a new form of government under the Faulkner Act may not have superimposed upon their chartered government and the established powers of that government, the new forms and powers created by the Faulkner Act and to be adopted only by a plebiscite of the community.

We therefore find and conclude the special powers of initiative and referendum for submission and adoption of a municipal ordinance by the voters at a general election, as provided only by the Faulkner Act, is a power limited to municipalities under the Faulkner Act, and the power was neither granted to nor adopted by the defendant municipality.

Plaintiffs' motion for summary judgment is therefore denied. An order may be entered accordingly but without costs.