DONALD CHARLES BURGDORFER AND PBA LOCAL 83, PLAINTIFFS-RESPONDENTS, v. THE BOROUGH OF DEMAREST, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND ALEXANDER ALLAN, COUNTY CLERK OF THE COUNTY OF BERGEN, STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 14, 1963—Decided October 18, 1963.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. William A. Fasolo* argued the cause for appellant, Borough of Demarest.

*Mr. William V. Breslin* argued the cause for respondents.

*Mr. Mario LaBarbera* appeared on behalf of the Clerk of Bergen County (*Mr. Nelson Gross,* County Counsel, attorney).

The opinion of the court was delivered by

COLLESTER, J. A. D.  The defendant, Borough of Demarest, appeals from a judgment of the Law Division declaring invalid an ordinance fixing the salaries of members of the police department of said borough and providing for a referendum vote thereon, and ordering the referendum question provided for by said ordinance removed from the ballot at the next general election.

On July 8, 1963 plaintiffs, pursuant to *R. S.* 40:46–28, filed with the governing body of the borough a petition, bearing the signatures of 20 per cent of the legal voters of the municipality, requesting that there be submitted to the voters at the next general election the question of increasing the salaries of members of the police department.  The petition listed the increases proposed for the several police positions to commence on January 1, 1964.  (Plaintiffs also filed a petition for a referendum vote on the question of whether or not the borough should furnish a medical-surgical hospitalization plan for members of said department com-

mencing January 1, 1964. This proposal is in no way involved in the present appeal.)

Thereafter it was discovered there was error in the petition for salary increases in its recital of the existing salaries of members of the police department. Plaintiffs circulated a second petition for salary increases correcting said mistakes, and having again obtained the required percentage of signatures, filed the same with the governing body on July 30, 1963. This petition called for a $600 increase for every position, except that it made no mention of the position of sergeant.

Meanwhile, on July 24, 1963 the municipal council of said borough introduced an ordinance to submit to a referendum vote a schedule of salary increases for members of the police department at lesser amounts. The ordinance was adopted by the governing body on August 21, 1963.

The three questions relating to salary increases, respectively projected by the two petitions and the borough council's own ordinance were forwarded to the Clerk of Bergen County with a request that such questions be placed on the ballot for the forthcoming general election to be held November 5, 1963. Plaintiffs thereupon instituted an action in lieu of prerogative writs for a judgment declaring the ordinance adopted by the municipality to be null and void, and directing the County Clerk to remove from the ballot the salary question adopted under the ordinance and in its stead to place on the ballot the salary question as "proposed by the petition." (Apparently the second petition was meant.)

At the hearing in the Law Division the judge declared the ordinance invalid and ordered that it be removed from the ballot of the next general election; ordered the referendum question submitted in the first salary petition filed on July 8, 1963, and containing incorrect statements as to existing salaries, removed from the ballot; and further ordered that the only questions to be placed on the ballot at the election were the salary increases proposed in the petition filed by plaintiffs on July 30, 1963 and the proposed

medical-surgical hospitalization plan for members of the police department. The defendant borough appeals from said judgment.

At oral argument it was conceded by the parties that the question of whether the borough would furnish a medical-surgical hospitalization plan for members of the police department, as submitted by a petition of the plaintiffs, should be placed on the ballot, as should the salary increase proposal contained in the July 30, 1963 petition. It was also stipulated that the petition for salary increases containing incorrect references to existing salaries, filed on July 8, 1963, should not be placed on the ballot. It was agreed that the single issue for determination on this appeal is whether the police salary increases proposed under the ordinance can and should also be placed on the ballot.

It appears from the record that every second year for the past 10 years the governing body of Demarest has adopted an ordinance providing for a referendum vote on salary increases for members of the police department and that the last such referendum was held in November 1961.

The defendant borough contends that *N. J. S. A.* 40:46–27 authorizes the governing body to adopt such an ordinance and to cause the same to be placed on the ballot. It concedes that the proposed salary increase submitted by the July 30th petition must also be placed upon the ballot pursuant to the provisions of *R. S.* 40:46–28.

The plaintiffs allege that there cannot be two conflicting referendum questions submitted to the voters at the same election; that it would be confusing to the electorate; that since the salary schedule proposed in their petition was filed first in point of time, the governing body had no right to adopt a referendum ordinance dealing with the same subject matter, and finally that the applicable statutes prohibit such procedure.

The right of plaintiffs to petition for a referendum on the question of salary increases is authorized by *R. S.* 40:46–28 which states:

"If there shall be submitted to the governing body of any municipality a petition signed by twenty per cent of the legal voters of the municipality, requesting that there shall be submitted to the legal voters of the municipality the question of fixing the salary or salaries of any officer or officers or of the members of any department of the municipality at the amount or amounts stated in the petition, the governing body shall cause the question to be submitted to the legal voters of the municipality at the next general election therein occurring more than thirty days after the receipt of the petition by the governing body."

The pertinent parts of *N. J. S. A.* 40:46–27, which authorize the governing body to submit a plan of salary increases to the voters, read as follows:

"When the governing body of any municipality shall be required by petition or shall deem it advisable to fix the salaries * * * paid in any municipal department, in cases where, under the provisions of this or any other law, it is necessary to have a referendum vote thereon, such governing body shall pass an ordinance definitely fixing such salary or salaries, with the date when the same shall commence. * * * Any such ordinance may be adopted by the governing body of the municipality notwithstanding that there has been a prior referendum initiated by petition instead of by the action of said governing body.

* &ast; &ast; &ast; &ast; &ast; &ast; &ast;

The salary or salaries to be paid * * * in any department shall not be voted upon more than once in 2 years."

Plaintiffs' position is that under the statute there are two methods provided for submission of a referendum to the electorate on the subject matter of salary increases, namely, by the filing of a petition with the governing body or by the governing body's adopting a salary ordinance and submitting the same to the vote of the people. They contend *N. J. S. A.* 40:46–27 must be construed to mean that if a petition is filed with the governing body the latter cannot thereafter adopt an ordinance providing for salary increases and have it voted upon at the same general election.

The trial judge interpreted the language of *section* 27 of the statute, which states:

"* * * Any such ordinance may be adopted by the governing body of the municipality *notwithstanding that there has been a prior referendum initiated by petition instead of by the action of said governing body.*" (Emphasis added)

to mean that the use in prior years of the procedure of initiating a referendum by *petition* would not bar in a subsequent year the use of the procedure of initiating a similar referendum by *action of the governing body.* He concluded that such language does not refer to a situation such as is here presented—a referendum initiated by petition in the same year that a referendum subsequently initiated by ordinance is submitted to the voters. He found no authority in the statutes permitting what the Demarest governing body here attempts to do, and therefore concluded that in a single year there should not be more than one salary referendum on the ballot so that the voters are not "befuddled."

We do not so construe the statute. The term *"prior referendum"* contained in the above quoted sentence of *section 27* does not refer to a *referendum vote.* The Legislature in the first sentence of *section 27* used the expression "referendum vote" as distinguished from the word "referendum" alone in the last sentence of the same paragraph. *Referendum* means a referring of the question to be submitted to the voters as distinguished from the vote itself on the referendum so submitted.

Under the two sections of the statute the placing of a referendum question on the ballot providing for salary increases may be initiated either by a petition signed by 20 per cent of the legal voters or by an ordinance adopted by the governing body; and such an ordinance may be adopted notwithstanding the initiation of the referendum by petition. The governing body represents all the voters. In determining whether to exercise their discretion by calling for a referendum on salary increases for police officers they have the responsibility of considering the effect of such increases upon the financial position of the borough and upon other employees who might consider that they too merited salary

increases. Thus the right of recommendation of salary increases for police officers to all of the voters for their approval or disapproval cannot be denied to the governing body.

The procedure calling for a referendum initiated by petition does not exclude a referendum initiated by ordinance. There is no provision in the statute that the procedure invoked prior in time shall prevail or that the voters shall be precluded from choosing between the alternative propositions or rejecting both.

To hold otherwise would admit the possibility of a small percentage of the voters filing a petition eleven months prior to the next election and before the organizational meeting of the Mayor and Council in January, thus barring the newly installed governing body from placing a salary referendum on the ballot at such next election. Certainly this was never contemplated by the statute.

The judgment below is reversed insofar as it declared the salary ordinance null and void and precluded from the ballot the referendum question initiated thereby. The Clerk of Bergen County is ordered and directed to add to the ballot for the general election of November 5, 1963 the referendum question submitted under the ordinance of the Borough of Demarest.