85 N.J. Super. 86 (1964)
204 A.2d 10
JOSEPH McCRINK, JOHN DSURNEY, JOSEPH HANAWAY AND WALTER McCHESNEY, PLAINTIFFS-RESPONDENTS,
v.
TOWN OF WEST ORANGE, THURMAN J. WILLIAMS, TOWN CLERK OF WEST ORANGE, DEFENDANTS-RESPONDENTS, AND ALAN G. KATZ, ROBERT B. KRAEUTER, WALFRED F. LIND, SIDNEY MESSERI, AND FRANK ROSSI, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1964.
Decided October 5, 1964.
Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
*87 Mr. John B.M. Frohling argued the cause for defendants-appellants Katz, Kraeuter, Lind, Messeri and Rossi.
Mr. Francis X. Hayes argued the cause for plaintiffs-respondents.
Mr. Louis Lando appeared for defendants-respondents Town of West Orange and Williams.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This appeal involves the question of whether a salary ordinance proposed by an initiative petition filed under the Faulkner Act should be placed on the ballot of the November 3, 1964 general election to be voted upon by the citizens of West Orange.
West Orange is a Faulkner Act municipality. Defendants Katz, Kraeuter, Lind, Messeri and Rossi are citizens and voters of West Orange, and compose the committee of petitioners provided for under the initiative and referendum provisions of the Faulkner Act, N.J.S.A. 40:69A-186. Plaintiffs are members of the West Orange Fire Department.
The present dispute had its origin in November 1963 when certain interested citizens of West Orange, including members of the Citizens League, a civic organization active in local affairs during recent years, attended a hearing at which the proposed budget for 1964 was discussed. The fire department had made no request for a general pay increase, but immediately following the public hearing it amended its budget request, asking for increases in salary ranges for all firemen except the chief and assistant chiefs. The proposed amendment rekindled a debate of the year before regarding the salaries of firemen. At that time the Citizens League had, as a result of a study, reached the conclusion that because of recent firemen's salary increases and a reduction in their work hours, no further increases would be justified. Accordingly, the League and other citizens objected to the fire department's *88 request for increases during the fiscal year 1964. Detailed objections were filed with the town council when the proposed budget received its first reading in February 1964. The League, recognizing that the council was inclined to grant the requested increases notwithstanding the objections raised, began to circulate the ordinance petition in question. It ultimately obtained some 3,000 signatures, more than required under N.J.S.A. 40:69A-184.
The West Orange governing body had on February 7, 1961 adopted ordinance No. 1922, setting up a comprehensive salary schedule for all municipal employees, including titles, classifications and minimum-maximum salary ranges. On June 2, 1964 it introduced ordinance No. 44-64 amending ordinance No. 1922 by changing the salary ranges for over 70 full-time positions, and providing that they should be retrospectively effective as of January 1. The ordinance had its second and final reading on June 16 and became legally effective July 7. Under its terms the existing salary ranges of patrolmen and firemen, as set out in ordinance No. 1922, were amended from $4,753-6,589 to $5,164-7,000. The ranges for police lieutenants and fire captains were amended from $6,647-8,641 to $7,002-9,000. No referendum petition protesting the passage of ordinance No. 44-64 was ever filed with the town clerk, as authorized by N.J.S.A. 40:69A-185.
On June 12, 1964, after the introduction of ordinance No. 44-64 but prior to its final passage, defendants, who constituted the committee of petitioners, filed an initiative petition with the town clerk. The petition proposed that the 1961 salary ordinance "be further amended" by the town council so as to provide in pertinent part as follows:
"SECTION 1.
a. The maximum of the salary range for uniformed fire personnel, on file in the office of the Town Clerk, shall not be changed during 1964;
b. The maximum of the salary range for uniformed fire personnel, on file in the office of the Town Clerk, shall not be changed during 1965 and 1966;
*89 c. The maximum of the salary range for Patrolmen, on file in the office of the Town Clerk, shall be two annual increments of $306.00 each in excess of the maximum of the salary range for Firemen, on file in the office of the Town Clerk;
d. The maximum of the salary range for Police Lieutenant, on file in the office of the Town Clerk, shall be one annual increment of $331. in excess of the maximum of the salary range for Fire Captain, on file in the office of the Town Clerk;
SECTION 2. This amendment to Ordinance #1922 and the titles and salary ranges herein provided shall become effective as of January 1, 1964."
The petition demanded that if, upon consideration of the proposed amendment, the town council did not adopt it in substantially the form set forth, the amendment be submitted to the voters of West Orange for their approval or disapproval at the next general or municipal election.
The town clerk, pursuant to N.J.S.A. 40:69A-187, examined the petition and, after determining that it bore a proper statement of the circulator and had been signed by a sufficient number of qualified voters, certified it to the town council for action. An initiative ordinance so submitted is deemed to have had its first reading. N.J.S.A. 40:69A-190. On August 18 the governing body considered the ordinance on second and final reading and rejected it. The petition not having been withdrawn within ten days after its rejection, the town clerk was obliged, under N.J.S.A. 40:69A-191, to submit the ordinance proposed by the petition to the voters for their consideration. This would naturally be done by presenting it to the county clerk for inclusion on the November 3, 1964 general election ballot.
Plaintiffs initiated a Law Division action by a complaint and order to show cause signed September 1, 1964, returnable September 9. Plaintiffs demanded judgment declaring the proposed initiative ordinance invalid, enjoining the town clerk from taking any action to certify the ordinance, and ordering the Town of West Orange to pay the salaries provided under ordinance No. 44-64. Defendants-appellants answered, as did the Town of West Orange and the town clerk. On the return date appellants moved to dismiss as to *90 them. The motion was denied and argument on the merits scheduled for September 17. On that day the Law Division judge ruled that the proposed initiative ordinance exhibited a fundamental defect in that it would place a restraint upon the legislative power of the Town of West Orange for a period of almost three years. He further held that the proposed ordinance was "vague, indefinite and ambiguous," since it would not fully inform the voters in November whether they were considering the salary ranges fixed by ordinance No. 1922 adopted in 1961, or those set up by amendatory ordinance No. 44-64 adopted as of July 7, 1964 and retroactive to January 1. He thereupon entered the judgment under appeal, holding the initiative ordinance invalid, enjoining the town clerk from certifying the ordinance to the county clerk for placement on the November general election ballot, and directing the Town of West Orange to pay forthwith the salaries provided under ordinance No. 44-64.
Appellants contend that the trial court completely disregarded the rule that a court is without jurisdiction to review the validity of an initiative ordinance prior to its enactment. The right to initiate an ordinance, they say, is a fundamental right reserved to the people by the Legislature and specifically provided for in the Faulkner Act under N.J.S.A. 40:69A-184 et seq. They point to the general rule that courts ordinarily refuse to interfere with the legislative process where it involves testing a statute or ordinance prior to the enactment thereof, regardless of whether the act is to be adopted by a legislative body or by a vote of the citizenry, citing 1 Antieau, Municipal Corporations, 188 (1958) and decisions from other jurisdictions, and referring to comparable decisions in New Jersey, Passaic Jr. Chamber of Commerce v. Passaic Housing Authority, 45 N.J. Super. 381, 392 (App. Div. 1957); Harrison Land Co. v. Crucible Steel Co., 82 N.J. Eq. 414, 420 (Ch. 1913), affirmed o.b. 86 N.J. Eq. 249 (E. & A. 1916).
Appellants argue that the rule with respect to legislative acts generally should logically apply where a court is urged *91 to review an initiative ordinance; and they refer us to a number of cases elsewhere to support their argument that courts will not exercise jurisdiction to inquire into the validity of such an ordinance, assuming that the necessary preliminary procedures have been complied with. However, at oral argument their counsel readily admitted that there is a recognized exception to the rule for which they contend  for example, where the proposed ordinance is defective on its face, or where the petitioners have failed to follow out the statutory requirements. They contend that there is no patent defect in the ordinance, and that they have faithfully obeyed the provisions of N.J.S.A. 40:69A-184 et seq. Plaintiffs, on the other hand, contend that the petition is fatally defective because it does not, as required by N.J.S.A. 40:69A-186, "contain the full text of the proposed ordinance." The petitioners, they say, should have set out in full the particular section and items of the 1961 ordinance which they proposed to amend. This was not done. Moreover, they contend the ordinance is indefinite and ambiguous; voters at the November general election will not be able to vote intelligently since they do not know just what salary ranges are indicated by the words "on file in the office of the Town Clerk"  the 1961 ranges or those established by the 1964 amendment.
We need not pass upon these latter two matters because the proposed initiative ordinance is, on its face, defective. It is fundamental that a governing body could not, by an ordinance presently adopted, place a restraint upon the future exercise of municipal legislative power. It could not, for example, by ordinance adopted in 1964, provide that the maximum of the salary range for uniformed fire personnel could not be changed during the succeeding two years. Nor could it provide that the town council in office during those years could not provide for more than an indicated annual increment for members of the police department. That is exactly what the initiative ordinance attempts to do in this case. The ordinance proposed for adoption by the voters of West Orange at the November election would fetter the free and future exercise of the local *92 legislative power. The language of the proposed ordinance is that the maximum of the salary range for uniformed fire personnel, on file in the office of the town clerk, "shall not be changed during 1965 and 1966." Although defendants-appellants now claim that all they intended by this language was to indicate their objection to any salary increase, the proposed ordinance clearly indicates an intention that the governing body may neither increase nor decrease the maximum of the salary ranges of firemen  the language is "shall not be changed." Were the municipality to be faced by serious financial difficulties, it could not even reduce those maximums.
Appellants in their brief and at oral argument stated that they do not appeal from that part of the Law Division judgment which ordered the Town of West Orange to pay salaries under the 1964 ordinance.
The judgment is affirmed.