148 N.J. Super. 7 (1977)
371 A.2d 802
JOANNE MAESE; HUGH PLATT, JR.; VICTOR RIOS; WILLIAM STEVENSON, AND ROGER E. WEISS, INDIVIDUALLY AND AS MEMBERS OF THE COMMITTEE OF THE PETITIONERS OF THE TOWNSHIP OF DENVILLE, PLAINTIFFS-APPELLANTS,
v.
JOAN R. SNOWDEN, ACTING MUNICIPAL CLERK OF THE TOWNSHIP OF DENVILLE, AND FRANK A. HEADLEY, MORRIS COUNTY CLERK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1977.
Decided February 25, 1977.
*9 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Edmund E. Lynch argued the cause for appellants.
Mr. Theodore E.B. Einhorn argued the cause for respondent Joan R. Snowden (Messrs. Einhorn & Harris, attorneys).
No appearance was made on behalf of respondent Frank A. Headley.
PER CURIAM.
The primary issue projected in this appeal by plaintiffs is whether a proposed ordinance sought to be enacted through the initiative petition process should be submitted to the ballot. Defendant Snowden[1], Municipal Clerk of the Township of Denville (township), in which the controversy arose, acting upon the advice of the municipal attorney that the ordinance was illegal, actively took steps to prevent its submission to the voters, which in turn precipitated an unsuccessful in lieu action by plaintiffs against Snowden and Frank A. Headley, Clerk of Morris County, to compel its placement on the ballot. Headley has not appeared in this appeal. He took a neutral position below, agreeing to abide by the court's direction.
Denville Township is a Faulkner Act municipality, having adopted Plan F of the act, effective January 1, 1972. N.J. *10 S.A. 40:69A-74 et seq. On August 7, 1974 the municipal council introduced Ordinance 12-74 appropriating $2,044,000 for the purpose of constructing on land of the municipality a municipal complex consisting of municipal offices and facilities and the Denville public library. The ordinance also provided for the issuance of bonds in the amount of $1,946,500.
The second reading of the ordinance was scheduled to take place at the following regular meeting of the council on September 4, 1974. On August 28, 1974 the initiative petition containing the proposed ordinance sponsored by plaintiffs as the Committee of the Petitioners, pursuant to N.J.S.A. 40:69A-186, was filed with the municipal clerk. The petition contained 3,501 signatures  more than the required number of qualified voters. Accordingly, on September 18, 1974 the municipal clerk certified the regularity of the petition to the municipal council, in accordance with N.J.S.A. 40:69A-187.
The ordinance provides as follows:
Paragraph 1 prohibits the governing body or officials of the township from committing or spending any public funds, monies or assets of the township for construction of the municipal complex on the specified land owned by it.
Paragraph 2 prohibits the governing body or officials of the township from incurring any indebtedness or from issuing, preparing or undertaking any bonds for the construction of the proposed municipal complex at that site.
Paragraph 3 prohibits the governing body or officials of the township from pledging or obligating public funds, monies or assets of the township for the purpose of supporting or financing the construction of a municipal complex at that site.
Paragraph 4 states that nothing in the ordinance shall restrict or encumber the township in the adoption and implementation of the annual local budget and the expenditure of funds pursuant thereto.
*11 Paragraph 5 repeals any ordinance or resolution of the township inconsistent with the provisions of the proposed initiative ordinance.
In the meantime the council passed Ordinance 12-74 at the regular meeting on September 4, 1974 but, hearing of the number of signatures on the petition, determined to submit the bond ordinance (12-74) to referendum at the next general election to be held on Tuesday, November 5, 1974.
After the certification of the petition by the municipal clerk, the council had 60 days to act upon the initiative ordinance. N.J.S.A. 40:69A-191. During that 60-day interval the voters defeated the bond ordinance, No. 12-74, at the general election held on November 5, 1974. No ordinance has since been introduced concerning the construction and/or financing of any structure or facilities upon the municipal tract, which is unimproved.
The trial judge granted summary judgment to defendant Snowden, holding principally that on the basis of McCrink v. West Orange, 85 N.J. Super. 86 (App. Div. 1964), the initiative ordinance was invalid on its face "because it acts as a restraint on all future actions, not only by this governing body but by any other governing body."
We approach the issues raised in the instant case with a recognition that the Faulkner Act, N.J.S.A. 40:69A-1 et seq., should be liberally construed for the purpose of effecting its salutary purposes of arousing public interest and placing in the hands of the voters of those municipalities which adopt the act, Paolella v. Hackensack Mayor and Council, 76 N.J. Super. 86 (Law Div. 1962), direct means of controlling proposed or already enacted municipal legislation and also of accomplishing the enactment of legislation which has neither been proposed nor adopted. N.J.S.A. 40:69A-184 and 185; Sparta Tp. v. Spillane, 125 N.J. Super. 519 (App. Div. 1973), certif. den. 64 N.J. 493 (1974); Smith v. Livingston Tp., 106 N.J. Super. 444 (Ch. Div. 1969), aff'd o.b. 54 N.J. 525 (1969). However, the Faulkner Act does not imbue initiative-proposed ordinances *12 with any qualities different from other ordinances. Only municipal legislation that may be enacted by the governing body itself may be the subject of an initiative proceeding. Mitchell v. Walker, 140 Cal. App.2d 239, 243, 295 P.2d 90, 92 (D. Ct. App. 1956), disapproved in part for an unrelated reason in Kugler v. Yocum, 69 Cal.2d 371, 71 Cal. Rptr. 687, 445 P.2d 303 (Sup. Ct. 1968).
Actually, the legislative authority given to the people to enact ordinances initiatively is more restricted than that vested in municipal governing bodies, notwithstanding that N.J.S.A. 40:69A-184 authorizes voters to propose "any ordinance." As stated in Smith v. Livingston Tp., supra, 106 N.J. Super. at 457, "`any ordinance' does not mean `all ordinances'." Accordingly, in that case the court held that an amendment to a zoning ordinance may not be accomplished by the initiative process. Nor may amendments to zoning ordinances be placed on the ballot for referendum. Sparta Tp. v. Spillane, supra. Likewise, municipal budgets are not subject to referendum. Cuprowski v. Jersey City, 101 N.J. Super. 15 (Law Div. 1968), aff'd o.b. 103 N.J. Super. 217 (App. Div. 1968).
Initiative ordinances are subject to amendment or repeal to the same extent as other ordinances, in the absence of statutory declaration to the contrary. Thus, in Cornell v. Watchung Mayor and Council, 49 N.J. 235 (1967), the court upheld the enactment of an ordinance identical to one which had been rejected by the voters at a public referendum within a few weeks before, saying:
We find no statutory authority limiting the discretion of the municipal council in passing this ordinance and, unless the Legislature has mandated against such procedures, no bar to the council's action exists. We see no reason to hamstring the discretion of the municipal governing body by imposing a limitation on it not required by explicit statutory or constitutional mandate. The municipal residents have an immediate remedy by way of a petition or protest and an ultimate remedy through the exercise of their voting rights at municipal elections. [at 238]
*13 That the Legislature has the power to limit a governing body's ability to undo the accomplishment of voters through referendum and that it has in some instances exercised that power, is exemplified in the referendum provisions of the Alcoholic Beverage Law, particularly N.J.S.A. 33:1-47 and 47.1. See Walinski v. Gloucester City Mayor & Council, 25 N.J. Super. 122, 132-133 (Ch. Div. 1953).
The invalidity of the proposed initiative ordinance, apart from its vague provisions as to whom and how long its negative effect would be binding, springs from an attempt to shackle, if not to completely immobilize, the governing body in connection with construction on the municipally-owned tract. Since the governing body itself could not enact such an ordinance, it follows from what has been said that the voters were likewise without that authority.
No governing body, certainly without specific legislative permission, may divest its successors of legislative power. 4 McQuillin, Municipal Corporations (3 ed. rev. 1968), § 13.03b at 477. For that very same reason it was determined by Judge Goldmann for the Appellate Division in McCrink v. West Orange, supra, that the initiative ordinance there under review was defective and should not be submitted to vote under the Faulkner Act. He stated:
* * * It is fundamental that a governing body could not, by an ordinance presently adopted, place a restraint upon the future exercise of municipal legislative power. [85 N.J. Super. at 91]
Plaintiffs argue that McCrink is distinguishable because in that case the court "envisioned a situation in which a municipality by its own law, would be required to expend money it did not have and could not raise." The statement made in this regard dealt only with a claim of the appellants as to what they intended to accomplish by the proposed ordinance. The gravamen of the holding was as already stated  the attempted restraint upon the future exercise of municipal legislative power. Plaintiffs' endeavor to weaken the McCrink ruling by asserting that no pertinent *14 authority was cited by the judge for the basic premise of the decision and that Terminal Enterprises, Inc. v. Jersey City, 54 N.J. 568 (1969), is to the contrary, must fail.
Terminal Enterprises decided that officers of a municipal corporation may limit by contract their own police powers as well as those of their successors "where the agreement is authorized by statute. Palisades Properties, Inc. v. Brunetti, 44 N.J. 117, 133 (1965); * * *." 54 N.J. at 575 (emphasis added.) In the instant case plaintiffs refer us to no statute which permits the proposed ordinance, if adopted, to limit the conventional legislative or governing powers vested in the township governing body.
Plaintiffs also claim that support for their position is found in Burgdorfer v. Demarest, 81 N.J. Super. 15 (App. Div. 1963), in which the court approved for referendum vote an ordinance which would fix the salaries of municipal police officers for a period of two years. Apart from the rule that a governing body, unless otherwise restricted by superior authority, may enact an ordinance to take effect after the expiration of the term of office of its members though it may not divest its successors of legislative power, 4 McQuillin, op. cit. at 477, the governing statute cited in that case provided that "salaries * * * shall not be voted upon more than once in 2 years." (At 19.) Accordingly, we agree with the trial judge that the ordinance is invalid.
Plaintiffs insist that even if the ordinance is invalid the court without authority "interceded in the middle of a legislative process specifically delegated to the citizens under the Faulkner Act," and that such intercession by the judiciary is contrary to the doctrine of separation of powers and at the very least was premature. Their contentions on this point are founded upon asserted holdings of other jurisdictions, including City of Rocky Ford v. Brown, 133 Colo. 262, 293 P.2d 974 (Sup. Ct. 1956); Johnson v. City of Astoria, 227 Or. 585, 363 P.2d 571 (Sup. Ct. 1961), which we do not find applicable under either our law or the facts in the instant case.
*15 Contrary to plaintiffs' allegation, Ringwood Solid Waste Managem. Auth. v. Ringwood, 131 N.J. Super. 61 (Law Div. 1974), does not support their argument. The court there refused to enjoin the governing body from holding a second reading on a proposed ordinance, which had been passed on first reading in reliance upon the general rule of noninterference by the judiciary with the legislative process. However, no contention that the proposed ordinance was facially invalid was raised, as it was in the instant case. In any event, both McCrink, supra, and Newark v. Benjamin, 144 N.J. Super. 58 (Ch. Div. 1976), aff'd 144 N.J. Super. 389 (App. Div. 1976), clearly are contrary to plaintiffs' position.
In view of the foregoing, we affirm the judgment entered below. We observe, however, that plaintiffs are not left powerless to challenge any future action of the governing body pursuant to N.J.S.A. 40:69A-185, which permits a referendum petition to be filed against any ordinance submitted by the council.
Affirmed.
NOTES
[1] The predecessor of defendant Snowden as municipal clerk was Eleanor Zecca. Snowden followed the same course as Zecca in refusing to act upon the initiative petition.