185 N.J. Super. 37 (1982)
447 A.2d 200
CONCERNED CITIZENS OF THE BOROUGH OF WILDWOOD CREST, AN UNINCORPORATED ASSOCIATION COMPRISED OF MORE THAN 10 TAXPAYERS OF THE BOROUGH OF WILDWOOD CREST, AND RICHARD S. ADELIZZI, PLAINTIFFS-RESPONDENTS,
v.
JOHN J. PANTALONE, MAYOR OF THE BOROUGH OF WILDWOOD CREST; COMMISSIONER CHARLES GUHR, JR.; COMMISSIONER FRANCIS J. MCCALL; BOROUGH CLERK ETHEL A. FILER; AND THE BOROUGH OF WILDWOOD CREST, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1982.
Decided May 26, 1982.
*40 Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.
James A. Waldron argued the cause for appellants (Rubins & Waldron, attorneys; Stephen S. Rubins and Louis G. Rubino on the brief).
Charles Henry James argued the cause for respondent.
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
The matter comes before the court on appeal from a judgment of the Superior Court, Law Division, in an action to compel defendants to cause a special election to be held pursuant to N.J.S.A. 40:74-14. The purpose of the proposed special election is to determine whether an ordinance should be adopted in the Borough of Wildwood Crest to repeal portions of an earlier ordinance providing for a beach use fee. The proposed ordinance will additionally affirmatively provide that the beaches in Wildwood Crest will be free.
Wildwood Crest is an ocean front community in Cape May County with a substantial beach area. The municipality is governed by a three-member commission government pursuant to the Commission Form of Government Law, N.J.S.A. 40:70-1 et seq. Prior to 1981 the municipality did not have a general beach use fee. In the fall of 1981 the municipal commission adopted Ordinance 564. This ordinance declared the municipal beaches to be paid beaches and provided a schedule of charges. Additionally, the ordinance established beach use regulations. Apparently some persons within the municipality opposed the imposition of these beach fees. Accordingly, they made an effort to cause the governing body to present the ordinance to the public for approval pursuant to N.J.S.A. 40:74-5. For reasons not germane to this action these efforts were not successful.
*41 Following the objectors' initial frustrations the persons opposing the beach fees adopted a different approach. They proposed an ordinance pursuant to N.J.S.A. 40:74-9. This ordinance provided that the beaches in Wildwood Crest were to be free. It further stated that the sections of Ordinance 564 which established the beach fee provisions were to be repealed. Pursuant to N.J.S.A. 40:74-2 the municipal clerk examined the petition and certified that it appeared to satisfy the procedural requirements of N.J.S.A. 40:74-11.
On March 22, 1982 this action was started. Plaintiffs are the Concerned Citizens of the Borough of Wildwood Crest, stated in the complaint to be an unincorporated association comprised of more than ten taxpayers in Wildwood Crest, and Richard S. Adelizzi, a resident voter and taxpayer in the borough. Defendants are the commissioners of the borough, the borough clerk and the municipality itself. The complaint recited the background of the dispute. It indicated that the commissioners were obliged either to pass the ordinance or to provide for its submission to the voters. It was alleged that the petition had been certified on March 2, 1982 by the municipal clerk as procedurally valid; that the municipality had neither passed the proposed ordinance nor caused a special election to be held to determine whether the ordinance should be adopted, and that because of the passage of time plaintiffs were then entitled to an order compelling defendants to call a special election for submission of the ordinance to the voters.
Upon the filing of the complaint defendants were ordered by a judge of the Law Division to show cause on March 31, 1982 why the relief requested in the complaint should not be granted. Defendants were further ordered to file an answer to the complaint. On March 31, 1982 defendants filed an answer. Defendants admitted certain allegations of the complaint, denied others and stated that they had insufficient information to admit or deny the remaining allegations. The answer also recited that Wildwood Crest had started or was about to start a *42 declaratory judgment action and that by reason of this new action the complaint was moot.
On March 31, 1982 the declaratory judgment action was filed by the borough. Various individuals who signed the petition were made defendants. The borough sought judgment declaring the petition to be a nullity. Its theory was that because of its content the proposed ordinance was not subject to the initiative process. Further, the borough requested a declaratory judgment as to the meaning of the term "free beach" as used in the proposed ordinance.
A hearing was held in the Law Division on March 31, 1982. The trial judge orally ordered the two pending actions to be consolidated.[1] The judge then determined the matter on the within record and oral argument. No oral testimony was presented. The judge stated that the two actions raised the same questions and that the subject matter of the proposed ordinance was a proper subject for initiative. The judge then indicated that the municipality should decide at its next meeting whether to adopt the new ordinance or to call for a special election to consider it. The judge stated that if the municipality did not act, he would sign an order directing a special election. The judge further held that he would retain jurisdiction over the case. No formal order was then entered.
A meeting of the board of commissioners was held on April 6, 1982. At that time the commissioners neither took steps to adopt the ordinance nor to initiate a referendum election. Instead, they authorized the municipal attorney to appeal from the decision and to seek a stay pending appeal.
The matter next came before the trial court on April 7, 1982. At that time it was reported to the judge that the commissioners had had a meeting on April 6, 1982. They indicated disagreement *43 with the decision of the judge and had decided to appeal from it. On April 7, 1982, after hearing argument from counsel, the judge signed an order that the proposed ordinance was properly subject to referendum, that a special election should be held on May 25, 1982 and that the order would not be stayed.[2]
Defendants appealed to this court on April 16, 1982.[3] They subsequently moved for a stay. On April 29, 1982 we denied a stay. Instead, we have accelerated the argument in the action. We heard oral argument on May 17, 1982. At the conclusion of the argument we indicated that the judgment of the Law Division was affirmed and that this opinion would follow.
Defendants argue that the subject matter of the ordinance, repeal of a beach fee, is not a proper object of an initiative petition. They point out that in several reported decisions our courts held that the matters dealt with therein were not the proper object of initiative petitions. Unquestionably our courts, though announcing that statutory provisions for initiative as to municipal ordinances are generally to be liberally construed to effect the salutary objective of popular participation in local government (see In re Certain Petitions for a Binding Referendum, 154 N.J. Super. 482, 484 (App.Div. 1977)), have nevertheless frequently held that the subject matter of a proposed ordinance is not proper for an initiative proceeding. Thus, in In re Certain *44 Petitions for a Binding Referendum, supra, 154 N.J. Super. at 482 the court held that amendments to a comprehensive traffic ordinance were not subject to initiative. In Smith v. Livingston Tp., 106 N.J. Super. 444 (Ch.Div. 1969), aff'd o.b. 54 N.J. 525 (1969), the court held that an amendment to the zoning ordinance could not be proposed by initiative.[4] In Atlantic City Housing Action Coalition v. Deane, 181 N.J. Super. 412 (Law Div. 1981), the court held that an ordinance providing for a plan of redevelopment was not a proper subject of an initiative petition.
Similarly, the right of referendum, though stated to be liberally construed (In re Certain Petitions for Binding Referendum, supra, 154 N.J. Super. at 484), in practice has not been broadly allowed. Thus, in Cuprowski v. Jersey City, 101 N.J. Super. 15 (Law Div.), aff'd o.b. 103 N.J. Super. 217 (App.Div.), certif. den. 53 N.J. 80 (1968), no referendum was allowed on the municipal budget.[5] In Sparta Tp. v. Spillane, 125 N.J. Super. 519 (App.Div. 1973), certif. den. 64 N.J. 493, 494 (1974), a referendum petition on a zoning ordinance was disallowed. In Snow v. Bell, 105 N.J. Super. 484 (Ch.Div. 1969), a petition seeking a referendum on an ordinance setting water rates was held to be invalid.
It is against the background of these cases that we must construe N.J.S.A. 40:74-9. That section provides that "Any proposed ordinance, except a proposed ordinance fixing the salaries, wages or compensation of the employees of the municipality may be submitted to the board of commissioners by petition of the electors, in the manner hereinafter in this article *45 provided." It obviously could be argued that the term "[a]ny proposed ordinance" in N.J.S.A. 40:74-9 should be read literally, particularly since the section itself includes an exception relating to salary ordinances. Yet the teaching from the case law constrains us to determine whether anything inherent in the subject matter of the ordinance makes the initiative process inapplicable.
Defendants point to N.J.S.A. 40:61-22.20 and N.J.S.A. 40:92-7.1 as precluding the use of initiative in this case. Defendants note that these sections, applicable to any municipality bordering on the Atlantic Ocean (N.J.S.A. 40:61-22.20) or any borough bordering on the Atlantic Ocean (N.J.S.A. 40:92-7.1), grant the "governing body" broad power over the municipal beaches. Thus, defendants infer that the Legislature intended to exclude a beach fee ordinance or the repeal of such an ordinance from the initiative process.
This contention lacks merit. The sections expressly provide that "any such municipality" or "any such borough" may "by ordinance" "provide for the charging and collecting of reasonable fees for the registration of persons using said lands and bathing facilities, for access to the beach and bathing and recreational grounds so provided and for the use of the bathing and recreational facilities...." Thus, even assuming that the Legislature intended to exclude some functions from the initiative process, a conclusion we by no means necessarily reach, the specific power of the municipality itself rather than the governing body to enact beach fees by ordinance implies clearly that the power to enact the ordinance is not limited to the governing body.
We can find nothing inherent in the subject matter of the proposed ordinance to indicate that the beach fee repeal ordinance should not be subject to the initiative petition. The cases previously cited rejecting initiative and referendum petitions are clearly distinguishable. In In re Certain Petitions for a Binding Referendum, supra, 154 N.J. Super. at 482, the court, in rejecting *46 an initiative for an ordinance providing for traffic regulation, pointed out that approval of the ordinance by the commissioner of transportation was required. Further, traffic regulations within a single municipality could impact in a broader region. Thus, the court concluded that it was not within the reasonable contemplation of the Legislature that comprehensive traffic planning could be disrupted by isolated and uncoordinated actions of the local electorate by initiative or referendum. 154 N.J. Super. at 486-487. Smith v. Livingston Tp., supra, 106 N.J. Super. at 444 and Sparta Tp. v. Spillane, supra, 125 N.J. Super. at 519, held that initiative and referendum were not applicable to zoning ordinances because these procedures were inconsistent with the need for comprehensive zoning regulations and with the procedural requirements for passage of zoning amendments which included planning board participation. 106 N.J. Super. at 456-457; 125 N.J. Super. at 526-527. In Atlantic City Housing Action Coalition v. Deane, supra, 181 N.J. Super. at 412, the court held that the procedural requirements for redevelopment were inconsistent with the initiative process. 181 N.J. Super. at 421. In Cuprowski v. Jersey City, supra, 101 N.J. Super. at 15, the court held that the municipal budget was not subject to referendum because the budget is an administrative act of short duration rather than a legislative act and because allowing a referendum could cause a chaotic situation. 101 N.J. Super. at 27-28. In Snow v. Bell, supra, 105 N.J. Super. at 484, the court, in rejecting a referendum on an ordinance fixing water rates, pointed out that the rates were part and parcel of earlier improvement and bond ordinances which themselves had not been challenged. The new water rates were required to implement the overall scheme. The Legislature would not have intended to have allowed a referendum on the water rate ordinance to frustrate this program. 105 N.J. Super. at 491-492.
The issues raised by the beach fee repeal ordinance are distinguishable from the considerations in the cases already discussed. There are no special procedures for adoption of beach fee ordinances or ordinances repealing beach fees. No regional *47 policy will be frustrated by repeal of the beach fees. Further, except for 1982, repeal of the beach fee ordinance cannot impact on any budget already adopted.[6] Rather, we have a local question of a basic policy nature. The issue is long-term in effect. It cannot be fairly deemed highly technical in nature. In short, the matter seems ideally suited to the initiative process.
Defendants, citing McCrink v. West Orange, 85 N.J. Super. 86 (App.Div. 1964), and Maese v. Snowden, 148 N.J. Super. 7 (App. Div. 1977), argue that the proposed ordinance is invalid because it attempts to bind the municipality in the future to not impose beach fees. McCrink v. West Orange and Maese v. Snowden undoubtedly do stand for the proposition that the governing body cannot place a restraint on the future exercise of municipal legislative power. 85 N.J. Super. at 91; 148 N.J. Super. at 13. But the proposed ordinance does no such thing. It simply provides that the beaches are to be free. The electorate retain the right to repeal or amend the ordinance. N.J.S.A. 40:74-18.
Defendants argue that the initiative is an attack on the municipal budget precluded by Cuprowski v. Jersey City, supra, 101 N.J. Super. at 15. They contend that the 1982 budget anticipates $325,000 in revenue from the beach fees and $65,000 in expenses to administer the program. Thus, adoption of the proposed ordinance will cause a net deficit of $260,000. Clearly, this argument could not result in the initiative being ruled invalid. It would be impossible to perceive why the ordinance, if adopted by the voters, could not be effective in 1983 simply because of problems it might cause in 1982. Thus, the initiative petition cannot be ruled invalid for this reason. Nevertheless, if the ordinance is adopted, the municipality may be entitled to relief postponing its effective date. See Neptune City v. Avon-by-the-Sea, *48 61 N.J. 296, 310-311 (1972). But we deem it improvident to address the issue at this time. At the time of the preparation of this opinion the election has not yet been conducted. The issue will become moot if the voters reject the ordinance. If the ordinance is adopted, defendants are free on notice to plaintiffs to seek such relief from us as they may deem appropriate.
Defendants argue that the action should be dismissed as moot. They reason that the court in Atlantic City Housing Action Coalition v. Deane, supra, 181 N.J. Super. at 417, suggested that a municipality could seek a declaratory judgment that a proposed initiative is invalid. They further point out that such an action was brought. They urge that when defendant municipality brought the declaratory judgment action the original action should have been dismissed and the declaratory judgment action should then have been tried. Defendants then assert that the court improperly converted the return date of the order to show cause judgment into a motion for summary judgment.
We reject this procedural argument. We can hardly conceive that we would rule that the substantive issue could only be decided in the second action. The case is here on the merits. We perceive no prejudice to the parties in adjudicating the issues in the first action. Further, since the parties had ample opportunity to be heard on the merits in the trial court we cannot fault the trial judge for the summary procedure followed. It was not suggested at oral argument on this appeal that an evidential hearing was required to establish any facts. See R. 4:67-1; Enourato v. New Jersey Bldg. Auth., 182 N.J. Super. 58, 64-66 (App.Div. 1981).
Defendants assert that the resolution of April 8, 1982 calling for the election was adopted in violation of the Open Public Meetings Act, N.J.S.A. 10:4-6 et seq. While defendants recognize that in certain emergent situations the act permits a *49 municipal governing body to adopt a resolution notwithstanding the absence of adequate notice to the public (N.J.S.A. 10:4-9(b)), they assert that the circumstances of this case did not permit such a procedure. The record reflects that at the Superior Court hearing of April 7, 1982 there was a discussion of the Open Public Meetings Act. The judge then indicated that he was directing the municipal meeting to be held the next day. Apparently defendants did not attempt to comply with the provisions for emergent meetings. Instead, they included in the resolution of April 8, 1982 calling for a special election a statement that the court "has waived the requirements of the Open Public Meetings Act of the State of New Jersey." While it is true that the judge did direct the meeting to be held, the record does not reflect a statement by the judge that defendants were excused from complying with N.J.S.A. 10:4-9(b). The judge simply said that he would be the "ray of sunshine" and that he was directing the meeting to be held.
We think that defendants should have complied with N.J.S.A. 10:4-9(b). Nevertheless, the totality of the circumstances, including the facts that the order of April 7, 1982 was required because of defendants' inaction upon the filing of the initiative petition; that defendants failed to act following the March 31, 1982 Superior Court hearing, and that defendants were required by N.J.S.A. 40:74-14 to take action on the petition, convinces us that they should not be permitted to raise an issue under the Open Public Meetings Act. Our conclusion in this regard is reinforced by the further fact that at least ordinarily the municipality would be a defendant in a proceeding challenging municipal action taken in violation of the act and that such a proceeding would be an action in lieu of prerogative writs. N.J.S.A. 10:4-15. It is extraordinary that a municipality here challenges its own conduct.
Affirmed.
NOTES
[1] There seems to be no formal written order consolidating the cases. We continue to refer to plaintiffs and defendants as they are constituted in the first action.
[2] The judgment was recited to be a final judgment for purposes of appeal, yet it may not have been. The judge stated that he retained jurisdiction in both actions. Further, it appears that all aspects of the controversy may not have been resolved since no declaratory judgment was entered defining "free beach." Thus, in the absence of findings as provided for in R. 4:42-2 in the judgment of April 7, 1982, there is some question as to whether an order appealable as of right was entered. Nevertheless, the public interest has required that we hear this matter. Accordingly, to obviate any procedural problems we grant leave to appeal nunc pro tunc from the order of April 7, 1982. See In re Trantino, 177 N.J. Super. 499, 516 (App.Div. 1981), mod. on other grounds 89 N.J. 347 (1982).
[3] The appeal is recited to be only from a judgment in the action started by the Concerned Citizens. This is understandable since the judgment from which the appeal was taken was captioned only in that action.
[4] This action involved a municipality in which the applicable initiative section was N.J.S.A. 40:69A-184 rather than N.J.S.A. 40:74-9. We can find no reason predicated on policy or statutory language to distinguish cases under the two sections.
[5] The budget was adopted by resolution but the thrust of the court's decision was to reject the referendum, not because of the method by which the budget was adopted but rather because of the nature of the municipal action questioned.
[6] We discuss the 1982 problem infra.