RUTH E. STIRLING AND NORMAN W. STIRLING, PROSE-
CUTORS, v. CITY OF PLAINFIELD, A MUNICIPAL COR-
PORATION OF THE STATE OF NEW JERSEY, AND
HELEN McCARTHY, RESPONDENTS.

Submitted September 27, 1946—Decided October 2, 1946.

Before Justice COLIE, sitting as a single justice pursuant to the statute.

For the prosecutors, *Carroll W. Hopkins.*

For the respondent City of Plainfield, *Salvadore Diana.*

For the respondent McCarthy, *Frank H. Blatz.*

COLIE, J. The writ of *certiorari* was allowed to test the validity of an ordinance of the City of Plainfield adopted on November 19th, 1945, on the grounds that it is arbitrary and unreasonable and that its passage was illegal.

The facts so far as necessary to a decision of this case are as follows:

Helen McCarthy is the owner of property at the intersection of East Seventh Street and Belvidere Avenue in the City of Plainfield. The prosecutors are the owners of property at the intersection of Belvidere Avenue and Park Lane, diagonally across Belvidere Avenue from Block 1 in which the McCarthy property is situated. On October 1st, 1945, the

common council introduced and passed on first reading a revised zoning ordinance which placed Block 1 in the "B" residence zone. The ordinance was published on October 3d, 1945, and October 15th was fixed as the date for a public hearing thereon and final passage thereof. The common council passed a resolution on October 15th continuing the public hearing to November 5th, 1945. On the adjourned date of public hearing, a resolution was passed amending the zoning ordinance in twelve respects, one of which changed Block 1 from a "B" residence zone to a "D" residence zone, the latter zone being known as a "Garden Apartment Zone." At the same meeting, a further resolution was introduced and passed, directing the clerk of the city to advertise the ordinance and fixing the date for public hearing and final passage thereof as November 19th, 1945. On November 14th, 1945, the amended zoning ordinance was published in the *Plainfield Courier News* and five days thereafter, on November 19th, 1945, was adopted on final hearing.

Prosecutors contend that the ordinance should be set aside and held illegal because the municipality failed to comply with *R. S.* 40:55–34:

"No zoning ordinance shall be adopted, amended, or repealed until after public hearing thereon by the governing body or board of public works, at which parties in interest and citizens shall have an opportunity to be heard. Said ordinance and notice of the time and place of hearing thereon shall be published at least once in an official newspaper, if there be one, or otherwise in a newspaper of general circulation in the municipality, and such publication shall take place ten or more days prior to such hearing."

Respondents, on the other hand, contend that the ordinance was legally adopted in that the municipality had fully complied with *R. S.* 40:49–2 (c):

"At or after the hearing, the governing body may proceed to give the ordinance a second reading or amend it, and thereupon pass or reject it with or without amendment. If any amendment be adopted, substantially altering the substance of the ordinance, the ordinance as so amended shall not be finally adopted until at least one week thereafter, and the

ordinance as amended shall be read at a meeting of the governing body, and shall be published, together with a notice of the introduction, and the time and place when and where the amended ordinance will be further considered for final passage, at least two days prior to the time so fixed. At the time and place so fixed, or at any other meeting to which the further consideration of the amended ordinance may be adjourned, the governing body may proceed to pass the ordinance, as amended, or again amend it in the same manner."

The salient difference in these two statutory provisions so far as we are presently concerned is that under *R. S.* 40:55–34 any zoning ordinance adopted, amended or repealed shall be published ten or more days prior to hearing thereon, whereas under *R. S.* 40:49–2 (c), publication is required at least two days prior to the date fixed for final passage.

The ordinance was published on November 14th, 1945, and passed on November 19th, 1945. If the ten day publication period is controlling, the ordinance is invalid; and if the two day period is controlling, it is valid.

*R. S.* 40:49–2 appears in the Revised Statutes under the heading denominated "Ordinances Generally." *R. S.* 40:55–34 appears under the heading denominated "Zoning."

The importance of zoning laws and ordinances need hardly be stressed. The court takes judicial notice of the fact that they affect property interests, and that it required a constitutional amendment to validate them. It would seem that the legislature, mindful that substantial property interests may be at stake and mindful that notice to property owners affected was vital to the protection of those interests, enacted *R. S.* 40:55–34 for the express purpose of providing those whose rights might be affected with adequate time in which to present their arguments for or against the particular zoning action to be considered.

The wisdom of the statutory requirement of ten days' publication of the amendment is demonstrated by what happened in this particular instance. On October 3d, 1945, the zoning ordinance was passed on first reading. On October 15th, a public hearing on the ordinance was held and the matter continued until November 5th when the ordinance was sub-

stantially amended to effect twelve changes, one of which re-classified the property in question from a family residence zone to a multi-family garden apartment zone. Those affected by the changes had no published notice of such action. The requirements of *R. S.* 40:49–2 so far as publication is concerned do not conflict with the requirements of *R. S.* 40:55–34 for the reason that the former is controlling in the case of ordinances generally, whereas the latter is controlling only as to ordinances relating to zoning. The legislature having prescribed publication of notice ten days prior to hearing and that requirement not having been met, the ordinance was not legally adopted.

The ordinance of November 19th, 1945, is set aside only in so far as it attempted to change Block 1 from a "B" residence zone to a "D" residence zone. Costs are allowed to prosecutors.