172 N.J. Super. 479 (1980)
412 A.2d 1059
ROBERT S. MESSER, PLAINTIFF,
v.
TOWNSHIP OF BURLINGTON, TOWNSHIP COUNCIL OF BURLINGTON TOWNSHIP AND ZONING BOARD OF ADJUSTMENT OF TOWNSHIP OF BURLINGTON, DEFENDANTS.
Superior Court of New Jersey, Law Division  Burlington County.
Decided January 28, 1980.
*482 Frederick W. Hardt for defendants Township of Burlington and Township Council of Burlington (Sever, Hardt & Main, attorneys).
John E. Harrington for plaintiff (Hartman, Schlesinger, Schlosser & Faxon, attorneys).
Ernest A. Ferri for defendant Zoning Board of Adjustment of the Township of Burlington (Ferri & Heath, attorneys).
HAINES, J.S.C.
Plaintiff is partial owner of 92.5 acres of land in Burlington Township, Burlington County, New Jersey which he proposes to develop. Eighty-five and one-half acres of his land were zoned to permit single-family detached dwellings on 20,000 to 40,000 square foot lots. Plaintiff prefers to build single-family houses on smaller lots and townhouses on this part of his property. The remaining seven acres are zoned and planned by plaintiff for commercial purposes. His application to the Burlington Township *483 Board of Adjustment for a variance which would permit his proposed development was denied. He appealed the denial to the township council. Before the appeal was heard a new zoning ordinance was adopted for the township. It placed all of plaintiff's property, including the seven acres planned for commercial use, in a residential zone and permitted construction of single-family detached houses only on 20,000 square foot lots. In addition, the new ordinance limited appeals from the board of adjustment to the township council to those cases in which the board approved a "d" variance, N.J.S.A. 40:55D-70(d), as permitted by N.J.S.A. 40:55D-17(a). Consequently, plaintiff was advised that council no longer had jurisdiction to consider the appeal and it was dismissed.
Plaintiff seeks relief here from the denial of the board, the refusal of the council and the provisions of the new ordinance. He argues that (1) the township council erred when it refused to consider his appeal; (2) the decision of the board of adjustment was arbitrary and (3) the new ordinance, insofar as it eliminated the commercial zoning, is unconstitutional. Defendants, in addition to denying these claims, contend that the basic nature of the relief sought by the plaintiff may be granted only through an amendment to the zoning ordinance. Dover Tp. v. Dover Tp. Bd. of Adj., 158 N.J. Super. 401, 411-414 (App.Div. 1978). The new ordinance establishes an application procedure for "rezoning," a term appearing often enough in zoning literature to be acceptable. It denotes nothing more than an amendment to a zoning ordinance which changes use restrictions. Plaintiff did not pursue this route since it was not in existence at the time he made his application to the board of adjustment, and defendants now say that this constitutes a failure to exhaust his administrative remedies.
After pretrial defendant township moved for summary judgment as to all issues. Meanwhile, the record of the proceedings below and the new zoning ordinance were submitted to the *484 court. It was agreed that all issues, except the constitutional challenge, would be submitted for decision on the basis of this material, without a trial. This opinion therefore disposes of the submitted issues by way of final judgment, determining the summary judgment motion as a part of that disposition.

A. The Appeal to the Township Council
The provisions of the new zoning ordinance limiting appeals to the township council to cases involving the approval of "d" variances is proper under N.J.S.A. 40:55D-17(a) which provides in pertinent part:
Any interested party may appeal to the governing body (1) any final decision of a board of adjustment approving an application for development pursuant to [N.J.S.A. 40:55D-70d], and (2) if so permitted by ordinance, any other final decision of a board of adjustment....
It has long been the rule in this jurisdiction that an amendment to a zoning ordinance, effective during the course of an appeal from a decision of a board of adjustment, must be considered by, and is binding upon the appellate tribunal. Socony Vacuum v. Mt. Holly, 135 N.J.L. 112 (Sup.Ct. 1947); Saint Joseph's Hospital v. Finley, 153 N.J. Super. 214, 225 (App.Div. 1977). Consequently, the township council was bound by the provisions of the new ordinance and no longer had jurisdiction over the appeal. Its refusal to entertain it was proper.

B. The Validity of the Rezoning Provisions of the New Ordinance
Burlington Township's new zoning ordinance authorizes the filing of rezoning applications. It requires the board of adjustment and the planning board to hear these applications. These boards are to make findings of fact to reach conclusions of law and then recommend the granting or the denial of the application *485 in accordance with review standards set forth in the ordinance. On receipt of the recommendation council conducts a hearing and decides whether to amend the zoning ordinance. Rezoning is acknowledged to be a legislative act "left to the sole discretion of the Township Council," and any amendment authorized by council "may be consistent with the applicant's request, contrary to the applicant's request, or a modification of the applicant's request...." When an amendment is authorized, procedures for its adoption must follow those set forth in the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq.
These provisions are not mentioned in our zoning statutes, have not been considered in our judicial decisions and no literature concerning them has been brought to the court's attention. They are unique and their validity must be determined.
The procedure is not prohibited by any section of the Municipal Land Use Law. N.J.S.A. 40:55D-62(b) requires that "no zoning ordinance and no amendment or revision to any zoning ordinance shall be submitted to or adopted by initiative or referendum." It is the only express prohibition of particular amending procedures. These prohibitions do not affect the township ordinance. The terms "initiative" and "referendum" refer to methods by which legislation may be adopted by the people; Sparta Tp. v. Spillane, 125 N.J. Super. 519, 523 (App.Div. 1973); they have no application to the legislative enactments of governing bodies. Moreover, the rezoning procedure authorized by the township merely permits the initiation of a request for an amendment and does not affect the discretion which the governing body has in such matters.
N.J.S.A. 40:55D-62(a) provides that "the governing body may adopt or amend a zoning ordinance relating to the nature and extent of the uses of land and of buildings and structures thereon." The method by which a governing body may launch an amendment for consideration is not set forth. The procedure is legislative. It may be commenced in any of the myriad ways *486 in which legislation is brought about, e.g., through public petition, correspondence, public appearances and communications of all kinds from the community. Plaintiff could have appeared before the township council and requested an amendment to the zoning ordinance; the governing body, if it so chose, could have acceded to his request. The procedure established by Burlington Township's new ordinance establishes one method by which legislative needs may be brought to its council's attention. The authority to adopt this section of the ordinance may be found in the statutory delegation of the power to amend to which it is incidental. Juzek v. Hackensack Water Co., 48 N.J. 302, 314-315 (1966).
The adoption of procedures relating to zoning matters must not add unreasonably to the burdens imposed upon an applicant for zoning relief; such additions violate statutory directives. Oakwood at Madison v. Madison, 72 N.J. 481, 523 (1977); Yousefian v. Wayne Tp., 152 N.J. Super. 111, 125 (Law Div. 1977). The rezoning procedure here adds no such burdens. On the contrary, it confers a benefit by providing an additional approach to the legislative ear. It does not require an applicant to forsake other, informal means with which to promote zoning legislation.
I conclude that the Township was authorized to establish rezoning procedures. The particulars of the ordinance adopted here, however, require consideration. Some of them are invalid. The ordinance requires the board of adjustment and the planning board to hear applications for rezoning. N.J.S.A. 40:55D-70 and 76 set forth the powers of boards of adjustment. These powers do not include any authority to hear matters relating to the amendment of the zoning ordinance. Planning boards, however, are authorized by N.J.S.A. 40:55D-25(b)(3) to "perform such other advisory duties as are assigned to it by ordinance or resolution of the governing body for the aid and assistance of the governing body or other agencies or officers." *487 This broad power clearly authorizes such boards to consider the rezoning applications authorized by the township ordinance. A rezoning application is to consist in part of "a properly completed rezoning information form." Nothing in the ordinance defines the information which is to be supplied. Reasonable standards, though couched in general terms, are necessary to avoid discrimination. Ward v. Scott, 11 N.J. 117, 123-124 (1952). The board of adjustment and planning board, in making their findings, are to consider "whether any action short of rezoning will properly protect the interest of the community," "the existing Master Plan," "conditions existing within the community", "the best interest of the community" and "community benefits." These considerations certainly may be addressed when deciding whether new legislation is advisable. However, zoning ordinances and their amendments must be prepared in accordance with the requirements of the Municipal Land Use Law, and the ordinance should so provide. The board of adjustment and planning board are to reach "conclusions of law" concerning the application. The only "conclusion of law" required appears to be a determination that there is "a substantial likelihood that the zoning regulations currently in existence will unconstitutionally deprive the applicant of his rights to property." It is not the function of the board of adjustment or the planning board to decide constitutional questions of this kind. Questions of law are the peculiar province of the courts. Honigfeld v. Byrnes, 14 N.J. 600, 603-604 (1954); Jantausch v. Verona, 41 N.J. Super. 89, 96 (Law Div. 1956), aff'd 24 N.J. 326 (1957). Finally, if the township council decides to adopt an amendment, it is required to be one which "meets the general health, safety and welfare concerns of the community." These are appropriate standards for such an amendment, but they are not the only ones to be considered. The council must be permitted to consider all of the standards set forth in the Municipal Land Use Law.
The ordinance contains a "separability" provision. It provides that if any part of the ordinance is adjudged to be *488 invalid, the remainder shall remain effective. This clause will not save the rezoning section. Its infirmities are too significant; the valid portions are not independent of the invalid portions. It cannot be said that it would have been adopted by council if all of its invalid portions were deleted.[1]Inganamort v. Fort Lee, 72 N.J. 412, 422 (1977). As a consequence, there are no administrative procedures which plaintiff is required to exhaust.
The exhaustion argument suffers from an additional infirmity. The rezoning procedure has nothing to do with variances. When a variance application involves matters within the jurisdiction of a board of adjustment, the applicant cannot be compelled to seek an amendment to the zoning ordinance. Consequently, defendant board either had jurisdiction to grant the variance or it did not. If jurisdiction was lacking because plaintiff sought relief obtainable only through an amendment to the zoning ordinance, the application would have to be dismissed. The dismissal would be sustained here on that ground; there would be no question of exhaustion of administrative remedies since such remedies would have no relation to the variance procedure.

C. The Merits of Plaintiff's Contentions
Plaintiff faces an insurmountable difficulty in connection with his effort to reverse the board of adjustment. The record below concerns an application made under the old zoning ordinance, no longer in existence. The new zoning ordinance is entitled to a presumption of validity. Bern v. Fair Lawn, 65 N.J. Super. 435, 450 (App.Div. 1961). Its provisions, except as they relate to the seven acres once zoned commercial, have not been challenged. There is no record of any administrative proceeding under the new ordinance; there was no such proceeding. Under the circumstances, plaintiff's suit, except for *489 the constitutional issue, must be dismissed. There is no basis for a remand to the board of adjustment for further hearings; a new application is necessary, on proper notice, since entirely new considerations are now involved.
NOTES
[1] The clause, however, is clearly sufficient to save all of the ordinance except its rezoning section. The invalid portion is entirely independent.