211 N.J. Super. 169 (1986)
511 A.2d 676
ROBERT MENENDEZ; JOSE FUENTES; ARTHUR AMIDANO; JOSEPH BONACCI; AND DR. CHARLES F. BALDINI, COMMITTEE OF PETITIONERS, PLAINTIFFS-APPELLANTS,
v.
CITY OF UNION CITY; MICHAEL C. LICAMELI, CITY CLERK FOR THE CITY OF UNION CITY; MAYOR AND COMMISSIONERS OF THE CITY OF UNION CITY; AND ANTHONY DRAGONA, COMMISSIONER OF PUBLIC SAFETY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 12, 1986.
Decided June 4, 1986.
*170 Before Judges FURMAN, PETRELLA and SKILLMAN.
Fischer, Kagan, Ascione & Zaretsky, attorneys for appellants (Martin G. Roseman, of counsel; Genise W. Teich, on the brief).
Gerald L. Dorf and Edward J. Lynch, attorneys for respondents (Eric Martin Bernstein, of counsel; Eric Martin Bernstein and Edward J. Lynch, on the brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
*171 Pursuant to N.J.S.A. 40:74-5, plaintiffs petitioned for a referendum on a Union City ordinance increasing the number of fire captains in the city fire department from 20 to 28 and creating the new position of fire protection subcode official. Their petition was rejected on the ground that the ordinance was administrative, not legislative, and hence not subject to referendum. From judgment dismissing their prerogative writ action on the same ground, plaintiffs appeal. We reverse.
N.J.S.A. 40:74-5 authorizes a referendum on any ordinance adopted by the governing body of a Walsh Act municipality, such as Union City, with three exceptions not here relevant. Defendants rely on judicial precedents engrafting another exception, that for so-called administrative ordinances, onto N.J.S.A. 40:74-5 and its counterpart, N.J.S.A. 40:69A-185, applicable in Faulkner Act municipalities. We do not construe those precedents as broadly as defendants urge so as to bar plaintiffs' referendum petition.
Cuprowski v. City of Jersey City, 101 N.J. Super. 15 (Law Div. 1968), aff'd o.b. 103 N.J. Super. 217 (App.Div. 1968), certif. den. 53 N.J. 80 (1968), held that a budget ordinance was not subject to referendum because of an express exception in N.J.S.A. 40:69A-185. In dictum the trial judge differentiated legislative and administrative ordinances as follows:
Matters which are of a permanent or general character are considered to be legislative while those which are temporary in operation and effect are deemed administrative. Acts which are classified as administrative are those which result from governmental powers properly assigned to the executive department and necessary to carry out legislative policies and purposes already declared either by the legislative municipal body, or devolved upon it by the law of the state.
D'Ercole v. Mayor & Council, Etc., 198 N.J. Super. 531 (App.Div. 1984), relied on Cuprowski in barring a referendum on an ordinance authorizing the Borough of Norwood to enter into a 20 year lease of a firehouse owned by the borough's volunteer fire company. The opinion enlarges the definition of administrative ordinances to include those adopted in the exercise *172 of the municipal governing body's discretion in carrying out delegated legislative powers:

N.J.S.A. 40A:12-15 grants to the borough the discretion to enter into a long-term lease "for any .. . municipal public purpose." The execution of this lease is a discretionary executive action undertaken "to carry out legislative policies and purposes ... devolved upon ... [the governing body] by the law of the state." [198 N.J. Super. at 545]
That definition encompasses the preponderance of municipal ordinances, which are adopted pursuant to legislative delegation to effectuate "legislative policies and purposes" but the specific terms of which, according to the discretion of the local governing body, are adapted to local conditions. The D'Ercole result is contrary to the legislative policy of encouraging citizen interest and participation in local government by provisions, which should be liberally construed, for the right of referendum, Concerned Citizens of Wildwood Crest v. Pantalone, 185 N.J. Super. 37, 43-46 (App.Div. 1982); Lawrence v. Schrof, 162 N.J. Super. 375, 382 (Law Div. 1978). Insofar as D'Ercole may be read to support rejection of plaintiffs' petition on the appeal before us, we express our disagreement with D'Ercole.
The proper distinction between legislative ordinances subject to referendum and administrative ordinances not subject to referendum, apart from specific statutory exceptions, is that implicit in the Cuprowski dictum supra. When a municipal governing body has latitude within its discretion in adopting the specific provisions of an ordinance, its enactment is legislative and subject to referendum, even though its authority to legislate on that subject has been delegated to it by State law. When a municipal governing body is merely complying with and putting into execution a State or local legislative mandate in adopting an ordinance, in effect exercising a ministerial function, its enactment is administrative and not subject to referendum.
On the appeal before us, the number of fire captains in the Union City fire department is not mandated by State or *173 local law. The city governing body by its challenged ordinance was not complying with and putting into execution a legislative formula in State or local law for captains proportionate to firemen. Rather, its delegated legislative authority provided for flexibility in establishing or revising the structure of the fire department, responsive to local problems and needs. We hold that citizen review of the subject ordinance by referendum should not be barred.
Defendants also argue that, even if the ordinance under challenge is deemed legislative otherwise, its provision for creation of the position of fire protection subcode official is statutorily mandated and hence administrative, applying the Cuprowski test. That argument is untenable because there is no such statutory mandate. Rather, N.J.S.A. 52:27D-126 et seq., upon which defendants rely, provides a number of options to municipalities in enforcing the Uniform Fire Safety Code and the Uniform Construction Code, not necessarily creation of the position of fire protection subcode official.
Finally, defendants urge that the validity of the signatures on plaintiffs' petition has never been passed on judicially. But their answer in the prerogative writ action admitted the allegations of plaintiffs' complaint that the petition had sufficient signatures of registered voters in compliance with N.J.S.A. 40:74-5 and that the city clerk had been advised by the Office of Superintendent of Elections and Commissioner of Registration for Hudson County that all the signatures were valid signatures. Moreover, any attack on the validity of the signatures on plaintiffs' petition is far out-of-time.
We reverse and remand for entry of judgment enjoining any further operative effect of the subject ordinance unless approved by a majority of the qualified voters in a referendum to be scheduled in accordance with N.J.S.A. 40:74-5.