209 N.J. Super. 556 (1986)
508 A.2d 271
ROLLINS ENVIRONMENTAL SERVICES (NJ), INC., A DELAWARE CORPORATION, PLAINTIFF-APPELLANT, AND STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION, APPELLANT-INTERVENOR,
v.
TOWNSHIP OF LOGAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1986.
Decided May 6, 1986.
*557 Before Judges FRITZ, BRODY and BAIME.
Charles Lee Harp, Jr., argued the cause for plaintiff-appellant (Archer & Greiner, attorneys; Charles Lee Harp, Jr., and Sean T. O'Meara, on the brief).
Robert M. Turrin, Deputy Attorney General, argued the cause for appellant-intervenor (W. Cary Edwards, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Robert M. Turrin, on the brief).
Timothy S. Haley argued the cause for respondent (Gordon and Gordon, attorneys; Timothy S. Haley and Harold L. Crass, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Cross-motions for summary judgment produced a judgment dismissing plaintiff's challenge to defendant Township's environmental protection ordinance. The ordinance prohibits "storage and/or accumulation and/or disposal" of polychlorinated byphenyls (PCBs) in designated "environmentally sensitive areas" in the municipality. Plaintiff owns and operates a solid waste disposal facility located within a designated area where it stores and plans to incinerate PCBs. Plaintiff contended in its motion that even if the broad police powers given a municipality under N.J.S.A. 40:48-2 include the authority to enact the ordinance, defendant was not free to exercise that authority because the subject matter of the ordinance has been preempted by federal and state statutes and regulations. The Law Division rejected plaintiff's arguments in an opinion reported at 199 N.J. Super. 70. We now reverse.
Plaintiff's primary argument on appeal is that the State has preempted the field. In rejecting that contention, the trial *558 judge determined that the ordinance is a reasonable response to the threat of PCB contamination and that "neither the state statutes nor the regulations promulgated thereunder relied upon by plaintiff discuss the question of preemption." Rollins, 199 N.J. Super. at 78. Plaintiff has never challenged the reasonableness of the ordinance. Rather, the question it presents is whether the Legislature has preempted defendant's authority to legislate in this field.
By its adoption of the Solid Waste Management Act, N.J.S.A. 13:1E-1 et seq., "the Legislature has assumed the responsibility for regulating solid waste management on a statewide basis through regional, county and intercounty plans." So. Ocean Landfill v. Ocean Tp., 64 N.J. 190, 194 (1974). The Act expressly grants the Department of Environmental Protection (DEP) and the State Advisory Council on Solid Waste Management (see N.J.S.A. 13:1E-7) "the power ... to regulate and supervise all solid waste collection and disposal facilities and operations and to register all persons engaged in the collection or disposal of solid waste in this State...." N.J.S.A. 13:1E-2b(6). The State has preempted the field of solid waste management. So. Ocean Landfill, 64 N.J. at 194.
Solid waste is defined to "include all ... waste materials including liquids, except for [certain] solid animal and vegetable wastes collected by swine producers...." N.J.S.A. 13:1E-3a. PCBs fall within that broad definition of solid waste and therefore their storage and disposal are exclusively regulated by the State.
PCBs are also "hazardous waste," a form of solid waste that is subject to especially strict DEP regulation. "Hazardous waste" means "any waste or any combination of waste which poses a present or potential threat to human health, living organisms or the environment." N.J.S.A. 13:1E-38c. The Legislature has charged DEP with the duty to conduct at least weekly inspections of major hazardous waste facilities, N.J.S.A. 13:1E-42.1, and to sample waters from special monitoring wells *559 at least once every three months. N.J.S.A. 13:1E-41. "Should monitoring well analyses or any other means of detection indicate to [DEP] a real or potential threat to the quality of the waters of this State by the solid waste facility, the acceptance of hazardous waste ... by the operator shall be immediately discontinued upon the receipt of an order from [DEP] requiring same." Ibid.
We need not further detail the pervasive presence of DEP and other state agencies in the siting and regulation of solid waste facilities, including major hazardous waste facilities. It is enough to recognize that PCBs are hazardous waste, hazardous waste is solid waste and our Supreme Court has held that the Legislature has deprived municipalities of the authority to legislate in the field of solid waste management.
Defendant argues that by its enactment of the Toxic Substances Control Act, 15 U.S.C.A. § 2601 et seq., Congress preempted the authority of states and municipalities to regulate PCBs, but granted each state and every municipality the authority to ban them. The point is clearly without merit. R. 2:11-3(e)(1)(E).
Reversed and remanded for the entry of an order granting plaintiff's motion for summary judgment.