CLEAN CAPITAL COUNTY COMMITTEE, AN ASSOCIATION, CO-COLA LIQUORS, MARK LAURENTI, PLAINTIFFS–RESPONDENTS, v. ALBERT E. DRIVER, JR., COUNTY CLERK OF MERCER COUNTY; AND THE MERCER COUNTY BOTTLE BILL COMMITTEE, AN ASSOCIATION CONSISTING OF AND AS REPRESENTATIVE OF THE DEFENDANT CLASS OF PETITIONERS JANINE BAUER, KATE ESPOSITO, EDWARD LLOYD, SEN. GERALD R. STOCKMAN, RICHARD J. SULLIVAN, FRIEDA APPLEGATE, TODD BRYAN, VIOLET COX, SAM SCOZZARO, DIANE WALKER, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 19, 1988—Decided September 21, 1988.

Before Judges PETRELLA, SHEBELL and LANDAU.

*Douglas S. Eakeley* argued the cause for appellant Mercer County Bottle Bill Committee (*Riker, Danzig, Scherer, Hyland & Perretti*, attorneys; *Douglas S. Eakeley*, of counsel and on the brief).

*Brendan T. Byrne* argued the cause for respondents (*Carella, Byrne, Bain & Gilfillan*, attorneys; *Brendan T. Byrne* and *Peter G. Stewart*, of counsel; *Kenneth L. Winters* and *David R. Cosgrove*, on the brief).

*Robert S. Kline*, Assistant Mercer County Counsel, attorney for Albert E. Driver, Mercer County Clerk, took no position with regard to the appeal.

*Alfred A. Slocum*, Public Advocate, attorney for *Amicus Curiae* Public Advocate of New Jersey (Richard E. Shapiro, Director of Division of Public Interest Advocacy and Susan Remis Silver, Assistant Deputy Public Advocate, on the brief).

*Fox, Rothschild, O'Brien & Frankel*, attorneys for *Amici Curiae* New Jersey Public Interest Research Group, Stonybrook–Millstone Watershed Association, American Littoral Society, New Jersey Environmental Lobby, Senator Richard Zimmer, et al. (*Mark L. First*, of counsel and on the brief).

PER CURIAM.

The trial judge enjoined the County Clerk of Mercer County and defendants from placing on the November 1988 general election ballot a question proposed by initiative petition [1] (see *N.J.S.A.* 40:41A–104) filed by the Mercer County Bottle Bill Committee as to whether Mercer County should adopt an ordinance requiring deposits on certain bottles and cans (the

---

[1] The Mercer County Board of Chosen Freeholders rejected the certified petition (signed by approximately 36,000 voters) at a public hearing on July 12, 1988. This rejection triggered the request that the proposed ordinance be submitted to the county voters (*N.J.S.A.* 40:41A–111) to be voted on at the next general or regular county election (*N.J.S.A.* 40:41A–112). In order to be placed on the ballot in the November 1988 general election we are advised that it must be placed on a finalized ballot by September 26, 1988.

"Bottle Bill"). Suit opposing the initiative was brought by plaintiffs, comprised of an association of beverage distributors known as the Clean Capital County Committee, a beverage retailer, and an individual who is a resident of Mercer County. Although the trial judge rejected most of plaintiffs' contentions, and concluded that in other circumstances a county might enact a bottle bill deposit ordinance, he held that a deposit program had to be enacted as part of Mercer County's comprehensive solid waste management plan and also held that the Bottle Bill had been preempted by the Clean Communities and Recycling Act, *N.J.S.A.* 13:1E–99.1 *et seq.*

We are advised that Mercer County has not yet developed and obtained approval from the Department of Environmental Protection (DEP) of its own solid waste management plan. See *N.J.S.A.* 13:1E–1 *et seq.* Nor has it adopted a district recycling plan as required by the Laws of 1987, chapter 102 (*N.J.S.A.* 13:1E–99.11 *et seq.* and amending certain other statutes).[2] The Clean Communities and Recycling Act mandates statewide source separation and recycling of solid waste.

The trial judge concluded that the container deposit bill would not conflict with the Solid Waste Management Act, but that it would have to be part of a comprehensive recycling plan. Since there was no such plan then in effect for Mercer County he reasoned that the Bottle Bill ordinance could not be adopted prior thereto.

On this appeal defendants argue, among other things, that there was no preemption and that it was premature for the trial court to rule on the validity of the proposed ordinance.[3] We have considered the matter on an accelerated basis, and now reverse and remand with direction that the injunction be set

---

[2]The record indicates that Mercer County is one of only two New Jersey counties that has not done so as of this date.

[3]A copy of the proposed ordinance is included as an appendix hereto.

aside. The question is to be put on the ballot for consideration by the electorate of Mercer County.

■ Ordinarily, the court's review of the validity of an initiative ordinance prior to its enactment is limited to whether it is defective on its face, or the petitioners have failed to follow the statutory requirements. See *McCrink v. West Orange,* 85 *N.J.Super.* 86, 90–91 (App.Div.1964). We recognize that an initiative proposing an ordinance which is invalid on its face would result in useless effort and expenditures. *City of Newark v. Benjamin,* 144 *N.J.Super.* 58, 66–67 (Ch. Div.1976), aff'd 144 *N.J.Super.* 389 (App.Div.1976), aff'd 75 *N.J.* 311 (1978). There is, however, a strong public policy favoring the right of the voters to exercise their power of initiative. See *N.J.S.A.* 40:41A–104 and *Concerned Citizens of Wildwood Crest v. Pantalone,* 185 *N.J.Super.* 37, 43 (App.Div.1982) (liberal construction favored).

■ We agree with the judge below that there is no clear or facial preemption of such county legislation by the Solid Waste Management Act, particularly in light of the adoption of the various recycling statutes. However, the trial judge's conclusion that a container ordinance cannot validly be adopted unless it is part of the enactment of Mercer County's district recycling plan and comprehensive solid waste management plan does not necessarily invalidate this initiative. We note that the proposed ordinance states that it is to be deemed part of the District Recycling Plan required by *N.J.S.A.* 13:1E–99.13. While we recognize that under *N.J.S.A.* 40:41A–116 an initiative or referendum approved by the voters is binding on the county, nonetheless, the question presented in this instance would be subject to review and approval by the DEP before final implementation. *N.J.S.A.* 13:1E–24b.

Some municipal solid waste regulations have been preempted as a duplication of state regulation. See *South Ocean Landfill, Inc. v. Mayor & Council, Tp. of Ocean,* 64 *N.J.* 190 (1974); *Chester Tp. v. Environmental Protection Dept.,*

181 *N.J.Super.* 445, 452 (App.Div.1981). A county solid waste management plan, however, is not duplicative of the State plan because each county is required by statute to devise its own plan. Hence, cases dealing with municipal action are inapposite. A separate and distinguishable area of preemption may be seen with respect to the handling of toxic wastes. See, *e.g., Rollins Environmental Services (N.J.), Inc. v. Logan Township,* 209 *N.J.Super.* 556 (App.Div.1986), certif. den. 105 *N.J.* 510 (1986). Preemption does not occur unless there is a clear legislative intent to preempt, and this has not been demonstrated here. See *Ringlieb v. Tp. of Parsippany–Troy Hills,* 59 *N.J.* 348, 351 (1971).

We find no facial preemption by operation of *N.J.S.A.* 13:1E–99.1a which provides for certain taxes to support waste disposal efforts. Under the provisions of *N.J.S.A.* 13:1E–99.2 the tax collected is to be distributed in part to eligible municipalities to provide for litter pickup and removal programs. Section 2e recites that:

> The Department of Environmental Protection shall develop model municipal and county litter control programs. To be eligible for a grant, a municipality or county must certify to the Department of Environmental Protection the adoption of one of the programs.

The tax is not levied if a state or federal container deposit law is enacted. *N.J.S.A.* 13:1E–99.6. The statute thus encourages local litter control programs. This purpose appears to be furthered by the Legislature's failure to revoke the tax and its distribution where a county bottle ordinance is enacted. While we recognize that a county deposit ordinance raises a possibility of an additional burden, such possibility does not render the ordinance facially invalid.

It goes without saying that it is not our function to consider the environmental merits of the Bottle Bill or the advisability of Mercer County adopting a container deposit law. We consider the proposed ordinance on its face, in light of the criteria in *Overlook Terrace Mgmt. v. Rent Control Bd. of West New York,* 71 *N.J.* 451, 461–462 (1976). There is no clear or facial

invalidity in the proposed ordinance or conflict with state law or policy; there is no clear intention by the State to preempt counties from entering the field; there is no indication of a requirement for uniformity of handling anti-litter regulations; and there is yet no pervasive or comprehensive state scheme. Nor does it appear that the proposal would be an obstacle to accomplishing the legislative purpose set forth in the Solid Waste Management Act or the recycling legislation. *Id.* 71 *N.J.* at 462. To the extent that uniformity and coordination is deemed desirable, we again note that the proposed ordinance, if adopted, must be approved by the DEP (as a part of Mercer County's plan) before it can be implemented.

Each county is designated as a Solid Waste Management District. *N.J.S.A.* 13:1E–19. Indeed, *N.J.S.A.* 13:1E–23e states that a county's governing body "shall by resolution, adopt or reject, in whole or in part, the solid waste management plan for the solid waste management district." Thus, the Legislature not only anticipated, but mandated, that each county adopt its own solid waste management plan, with the assistance and approval of the DEP. See *N.J.S.A.* 13:1E–6 and *N.J.S.A.* 13:1E–24. Hence, we cannot conclude that there is state preemption. *Inganamort v. Boro. of Fort Lee*, 62 *N.J.* 521, 538 (1973); *Schmoll v. Creecy*, 54 *N.J.* 194, 203 (1969). It is no distinction that this delegation is to the county's governing body, rather than the county generally.

It is premature to consider other arguments raised about the proposed initiative. See *In re Judges in Chancery*, 101 *N.J.Eq.* 9 (Ch. 1927). All the parties recognize that even if the initiative is approved by the voters it would not take effect for 180 days and there would still have to be certain additional proceedings and requirements, including submission to the DEP for approval, modification or rejection. See *N.J.S.A.* 13:1E–24(b); *N.J.S.A.* 13:1E–99.13(d); *N.J.S.A.* 13:1E–99.16(e). See also *A.A. Mastrangelo, Inc. v. Environmental Protection Dept.*, 90 *N.J.* 666, 687 (1982); *In re Application Combustion*

*Equipment Assoc.,* 169 *N.J.Super.* 305, 316 (App.Div.1979). It appears from the face of the ordinance proposed by the initiative that there is recognition of the DEP's supervisory authority in this field. Hence, we do not consider the other issues raised, including claims of unconstitutionality, as ripe for determination.

Accordingly, the order appealed from is reversed. The injunction is discharged, and the County Clerk of Mercer County is directed to include the proposed ordinance on the forthcoming November election ballot.

## APPENDIX

**An Ordinance Requiring a Deposit on All Beverage Containers Sold or Offered for Sale In Mercer County**

1. Whereas the proliferation and accumulation of carelessly discarded beverage containers is a growing problem for local governments and may pose a threat to the public health and safety of the citizens of Mercer County; and the haphazard disposal of cans and bottles creates a hazard to vehicular traffic, a potential source of physical injury to pedestrians and animals, and constitutes an unsightly accumulation of litter which must be disposed of at increasing public expense; and discarded beverage containers constitute a significant portion of the County's solid waste stream, taxing the already limited solid waste disposal options available to Mercer County; and the random littering of beverage containers represents a profligate waste of energy and raw materials which are used in producing them:

It is hereby found that it serves the public interest to provide that all beverage containers sold or offered for sale in Mercer County have a refund value, and to provide for the convenient return and payment of the refund value of empty beverage containers; and that the deposit and refund value system hereinafter provided is an efficient and cost effective means by which Mercer County may achieve solid waste reduction, sepa-

ration, recycling and litter control goals established by the state under the "Solid Waste Management Act, as amended" [N.J.S. A. 13:1E–1 et seq.] and "Mandatory Recycling" [P.L. 1987 c. 102].

2. As used herein:

"Beverage" means milk, alcoholic beverages, including beer and other malt beverages, liquor, wine, vermouth and sparkling wine, and nonalcoholic beverages, including fruit juice, mineral water and soda water and similar nonalcoholic carbonated drinks intended for human consumption;

"Beverage container" means an individual, separate, hermetically sealed or made airtight with a metal or plastic cap, bottle or can composed of glass, metal, plastic, or a combination thereof, containing a beverage;

"Consumer" means a person who purchases a beverage in a beverage container for use or consumption;

"District Recycling Coordinator" means the person designated by the Mercer County Board of Chosen Freeholders to supervise the implementation of the Mercer County district recycling plan pursuant to law;

"Distributor" means a person who sells beverages in beverage containers at wholesale to retailers engaged in sales within Mercer County;

"Redemption Center" means a place or a business which accepts empty beverage containers for recycling and pays the refund value of beverage containers; or a recycling center as defined in section 2 of P.L. 1987 c. 102;

"Retailer" means a person who engages in the sale within Mercer County of beverages in beverage containers to a consumer at retail for off-premises use or consumption, including a distributor engaging in retail sales within Mercer County;

"Use or consumption" means the exercise of any right or power incident to the ownership of a beverage other than the sale or retention of a beverage for the purpose of sale;

"Unclaimed deposits" means any amount in excess of the cost of redemption, including the handling charge thereof, which have accrued to a distributor on or after the thirtieth day after which a deposit has been initiated;

"Governing Body" means the department, unit, or committee designated by the Mercer County Board of Freeholders to supervise implementation of the Mercer County solid waste management plan pursuant to state law.

3. a. Every beverage container sold or offered for sale in Mercer County shall have a refund value when empty. Beverage containers made exclusively of recyclable aluminum and all glass beverage containers shall have a refund value of $0.10 each. All other beverage containers shall have a refund value of $0.25 each.

b. Every beverage container sold or offered for sale in Mercer County shall be clearly identified by a stamp, label or other mark securely affixed to the beverage container, bearing the inscription "Mercer County, N.J." and indicating the refund value of the beverage container.

4. a. Every retailer shall, upon presentation of an empty beverage container, refund to the bearer the refund value of the beverage container. No retailer shall refuse to accept at his or her place of business an empty beverage container from a person, or refuse to pay to a person the refund value of an empty beverage container.

b. A retailer shall not be required to accept or pay the refund value of an empty beverage container other than those of the kind, size, and brand he or she sells or offers for sale; nor shall a retailer be required to accept or pay the refund value of an empty beverage container which is in more than one piece or contains foreign material other than beverage residue.

5. Every distributor shall accept and pick up every beverage container of the kind, size, and brand he or she distributes in Mercer County returned by a retailer or an agent of the retailer or a beverage container redemption center authorized by the

governing body and pay the retailer or agent the refund value established in section 3 of this ordinance, plus a $0.015 per container handling charge, for each beverage container.

6. Every retailer and distributor shall, within six months of the effective date of this ordinance, and at least monthly thereafter, submit a tonnage report to the district recycling coordinator. The report shall include an inventory of the number and type of beverage containers sold in Mercer County, the number and type of beverage containers accepted for redemption, the amount of deposits initiated and collected from consumers, and the disposition of redeemed beverage containers. The district recycling coordinator shall submit a copy of each monthly tonnage report received by him or her to the New Jersey Office of Recycling in accordance with the provisions of the Mercer County recycling plan.

7. a. The dollar value of any unclaimed deposits retained by a distributor shall be due and payable, on a monthly basis, to the governing body to be used on behalf of recycling programs in Mercer County. Every distributor shall keep and maintain accurate records of every beverage container accepted for refund from retailers of their agents each month.

b. Every distributor shall, within six months of the effective date of this ordinance, and at least monthly thereafter, submit to the governing body a beverage container redemption report. The report shall indicate the dollar value of unclaimed deposits initiated by him or her and at the same time the distributor shall pay the full amount of unclaimed deposits due.

8. A person may apply to the governing body for approval to establish a beverage container redemption center, subject to applicable provisions of law and in accordance with the provisions of the Mercer County district recycling plan, at which consumers may return empty beverage containers and receive payment of the refund value of the beverage containers.

9. Any person who violates, or who fails or refuses to comply with this ordinance, shall be liable to a penalty of not less than

$500 nor more than $2,500 for each offense, to be recovered by and in the name of the Mercer County Board of Chosen Freeholders.

10.  a. This ordinance is adopted under the authority of the "Solid Waste Management Act, as amended" [N.J.S.A. 13:1E–1 et seq.] and "Mandatory Recycling" [P.L. 1987 c. 102] and all provisions of the ordinance shall be consistent with and conform to the provisions of the Mercer County district recycling plan required under P.L. 1987 c. 102.

b. All other ordinances of Mercer County which are in conflict with this ordinance are hereby repealed to the extent of such conflict.

c. If any part, section or part of a section of this ordinance should be declared invalid, then such a declaration shall not affect the validity of any other part or section of this ordinance.

11.  This ordinance shall be in full force and effect upon expiration of 180 days after its passage and publication.