**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1812-19

ROBERT MOSS,

    Plaintiff-Appellant,

v.

BOROUGH OF FRANKLIN,
BOROUGH OF FRANKLIN
PLANNING BOARD, SILK CITY
DEVELOPMENT, LLC, SILK
CITY RENTALS, LLC and
JCM INVESTORS 1012, LLC,

    Defendants-Respondents.

_____

Argued January 19, 2021 – Decided February 24, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0418-19.

Robert Moss, appellant, argued the cause pro se.

Tara Ann St. Angelo argued the cause for respondents Borough of Franklin and Borough of Franklin Planning Board (Gebhardt & Kiefer, PC, attorneys; Tara Ann St. Angelo, on the brief).

Susan R. Rubright argued the cause for respondents Silk City Development, LLC, Silk City Rentals, LLC and JCM Investors 1012, LLC (Brach Eichler, LLC, attorneys; Frances B. Stella and Lindsay P. Cambron, of counsel and on the brief).

PER CURIAM

Plaintiff Robert Moss filed this action in lieu of prerogative writs to challenge a settlement reached between defendants the Borough of Franklin and its Planning Board (Board), defendants Silk City Development, LLC, Silk City Rentals, LLC (collectively Silk City Rentals) and JCM Investors 1012, LLC (JCM) as to the development of a residential real estate project within the Borough. Among his contentions, plaintiff alleged the Borough engaged in impermissible spot zoning and the Board's meeting to consider the plans submitted under the settlement agreement violated the requirements of Whispering Woods at Bamm Hollow, Inc. v. Middletown Township Planning Board, 220 N.J. Super. 161 (Law Div. 1987). Judge Stuart A. Minkowitz, dismissed plaintiff's complaint under Rule 4:6-2, setting forth his reasons in a comprehensive written decision, which included the judge's findings that plaintiff's spot zoning claim was time barred and that his Whispering Woods claim was without merit.

Plaintiff appeals from that determination, challenging Judge Minkowitz's decision to dismiss the fourth count of his second amended complaint, which alleged a Whispering Woods violation, and the ninth count which alleged illegal spot zoning.[1] We affirm substantially for the reasons expressed by Judge Minkowitz in his sixteen-page December 24, 2019 written decision.

We discern the following facts from plaintiff's second amended complaint. The parties' dispute relates to a parcel of property that had been designated as Lot 17.01 in Block 66. In 2017, Silk City Rentals acquired the property. Its related company, JCM, was to be responsible for the property's proposed development.

Prior to Silk City Rentals' acquisition, in 1987, the Board approved a prior owner of the property's plan to construct 350 condominium and townhouse units on the land. The property was later sold in 2003. The approved project was not constructed because in 2004 the Borough rezoned the area for single family homes only. And, in 2005, the Board's attorney advised the owner that the approvals had expired. Those events resulted in the property owner filing an action against the Borough.

---

[1] At oral argument before us, plaintiff confirmed that although his second amended complaint and appellate brief addressed other issues, his appeal was limited to the dismissal of the two counts only.

That action settled in 2007 when the parties entered into a consent order that permitted the owner to develop 250 age-restricted housing units on the property, twenty percent of which were to be set aside for affordable housing, (2007 Consent Order). In order to facilitate that development, the Borough amended its zoning ordinances in 2007 to create the Mixed Active Adult Housing (MAAH) District, which allowed for the proposed construction. Despite that action, the project remained unbuilt.

In 2017, after Silk City Rentals acquired the property, JCM pursued approvals from the Board for variances relieving JCM from the density and age restrictions applicable to the MAAH District. The Board denied this application on September 18, 2017.

On October 13, 2017, Silk City Rentals entered into a consent order (2017 Consent Order) with the Borough modifying the 2007 Consent Order by amending it to authorize construction of 300 market-rate units and removing all age restriction requirements "except as pertains to the . . . affordable housing obligations." In order to implement the 2017 Consent Order, on November 28, 2017, the Borough adopted Ordinance #20-2017 which renamed the MAAH District as the Munsonhurst Planned Residential (MPR) District, removed the

age restrictions imposed by the prior zoning ordinance, and permitted development of 300 units.

On April 30, 2018, JCM submitted a site plan application to the Board, which proposed 300 units of multi-family housing, twenty percent of which would be reserved for affordable housing. The Board denied the application on September 17, 2018.

Thereafter, in November 2018, JCM filed a complaint challenging the Board's denial of its application. That action was resolved through the parties' entry into a September 3, 2019 settlement agreement. The agreement provided, in part, that JCM would submit a revised site plan application to the Board for approval, and the Board "shall adopt a resolution consistent with th[e a]greement." Specifically, the agreement stated the following:[2]

> [I]t is the intention of the Parties that after execution of this Agreement, Plaintiffs shall apply to the Planning Board via a <u>Whispering Woods</u> hearing for approval of this Settlement Agreement, site plan approval and variances from the steep slope disturbance restrictions . . . .

The council also agreed not to pass "any new zoning ordinances that related to the [p]roperty that [were] inconsistent with th[e] [a]greement or would

---

[2] Plaintiff did not include a copy of the agreement in his appendix. We quote the trial judge's reading of the agreement.

A-1812-19

interfere with the development of the [p]roperty in accordance with the Concept Plan and Site Plan." The agreement provided that approval of the proposed development was subject to consideration at a public hearing in conformance with Whispering Woods.

On January 4, 2019, the Borough posted public notice of the meeting "in Borough Hall" and published its notice in local newspapers advising that a meeting would be held on August 20, 2019, to consider approval of the settlement agreement. The notice included the meeting agenda for the council's regular meeting on August 20, 2019, which listed the settlement agreement as an agenda item under "Discussion of JCM Litigation Settlement." At the public meeting, the settlement agreement was discussed prior to the council voting to authorize execution of the agreement. The terms of the settlement agreement "were released to the public on September 23, 2019."

Plaintiff, a self-described "open space advocate," who did not reside or work in the Borough, filed his verified complaint in lieu of prerogative writs on September 4, 2019.[3] Two days later, JCM submitted a revised site plan application to the Board, as required by the agreement. The application was the

_____

[3] Despite the requirements of Rule 2:6-1, plaintiff's appendix does not contain a copy of the original complaint or any other pleadings except for his second amended complaint and defendants' notice of motion to dismiss.

subject of public hearings held by the Board on October 21, 2019, and November 18, 2019. Prior to the October meeting, plaintiff filed his first amended complaint.

At the October 21, 2019 meeting, there was a discussion about the Board's ability to reject the site plan submitted pursuant to the settlement agreement. In that discussion, the Board's attorney explained that although the council approved the settlement agreement, the Board was not obligated to approve the site plan and that the development contemplated by the settlement agreement was ultimately subject to the Board's approval. In response to an objector's attorney's inquiry if the meeting was a "pointless exercise," the Board's attorney stated the following:

> Well, it's not a pointless exercise, otherwise we'd be done way before 10:35 at night, and it looks like we're not gonna finish tonight. We're vetting and questioning the changes in the plan, which is what the Whispering Woods concept is about: letting the public, including yourself on behalf of your clients, to have an opportunity, and letting the board question the details of the new plan, as opposed to questioning the . . . entirety of the concept back to whether it should be one single-family house or not.

On October 30, 2019, plaintiff filed a second amended complaint that contained nine counts. In count four, he alleged the "Planning Board illegally agreed to approve an application other than by a vote at a public, properly

7

noticed meeting," in contravention of <u>Whispering Woods</u>. Under that count, plaintiff sought an injunction against the Board "hearing JCM's application and voiding any acts by the Planning Board done under color of the 2019 Settlement." In count nine, he asserted that the creation of the MAAH District in 2007 and the MPR District in 2017 constituted illegal spot zoning.

On November 18, 2019, the Board completed its hearing on JCM's new application. At the meeting's conclusion, all but one member voted to approve the application. A confirming resolution was adopted at the Board's regular meeting the following month.

In the meantime, defendants responded to the second amended complaint by filing motions to dismiss under <u>Rule</u> 4:6-2. Plaintiff filed opposition to the motions and defendants replied. On December 6, 2019, Judge Minkowitz heard oral argument and on December 24, 2019, he issued his order granting defendants' motions and dismissing plaintiff's complaint with prejudice.

In response to plaintiff's argument that the Borough's approval of the settlement agreement improperly prevented the Borough's council or its successors from being able to change its zoning ordinance in the future, Judge Minkowitz stated that plaintiff's claims could not be brought, as they were outside of the forty-five-day time period for filing challenges as set forth for

such claims under Rule 4:69-1. Nevertheless, he proceeded to evaluate the merits of plaintiff's argument, citing to Warner Co. v. Sutton, 274 N.J. Super. 464, 477 (App. Div. 1994) and McCrink v. West Orange, 85 N.J. Super. 86, 91 (App. Div. 1964) for the proposition that municipalities may freely enter into agreements to settle litigation related to zoning issues. He concluded that, to the extent plaintiff challenged the MAAH District or the MPR District, plaintiff had presented "no evidence that . . . the[] zoning changes were enacted in an unreasonable, arbitrary or capricious manner," which further justified dismissal.

Addressing plaintiff's assertion that the Borough's approval of the settlement agreement violated Whispering Woods, Judge Minkowitz found that the approval of the settlement agreement satisfied the procedural requirements of Whispering Woods, noting that the Borough publicly discussed the agreement at its regular meeting on August 20, 2019, and that the agreement itself required JCM to apply to the Board under Whispering Woods for approval of a revised and resubmitted site plan and certain variances contemplated by the settlement agreement. He further noted that JCM thereafter submitted a revised site plan application as directed by the settlement agreement and that JCM's application was the subject of a duly noticed public hearing in compliance with Whispering Woods, which began on October 21, 2019. Accordingly, Judge Minkowitz

found plaintiff's allegations failed to state a claim for a violation of <u>Whispering Woods</u> and dismissed count four of the second amended complaint.

Finally, Judge Minkowitz addressed plaintiff's allegations that the Borough engaged in impermissible spot zoning with its creation of the MAAH District and later the MPR District. There, he found that even though plaintiff's second amended complaint did not specify the date the MAAH District had been created, and therefore did not specify when the alleged illegal spot zoning occurred, it did indicate that the MAAH District had been renamed as the MPR District on November 28, 2017. Based on this, Judge Minkowitz concluded that the date the alleged spot zoning occurred was, at a minimum, two years prior to the initiation of plaintiff's case—well beyond the expiration of the forty-five-day period provided for bringing claims under <u>Rule</u> 4:69-1. As such, count nine of the second amended complaint was dismissed along with the other counts of the second amended complaint. This appeal followed.

On appeal, plaintiff contends Judge Minkowitz's dismissal of his "challenge to the present zoning" was improper because Judge Minkowitz did not "cit[e] any material reason or authority; or alternatively, [he] improperly requir[ed] proof of a factual allegation." He also avers that Judge Minkowitz incorrectly concluded that the settlement agreement was properly approved at a

A-1812-19

public meeting that complied with <u>Whispering Woods</u> because the judge "ignored plaintiff's claims and relied on facts asserted by the defense," and because the judge incorrectly concluded that plaintiff's acknowledgement that a "certain discussion took place at a <u>Whispering Woods</u> hearing . . . constitute[d] an admission that it was a valid <u>Whispering Woods</u> hearing."  Finally, he argues that his spot zoning claim was not "out of time."  We find no merit to any of these contentions.

When reviewing orders dismissing a complaint for failure to state a claim, we consider the matter de novo, applying the same standard as the trial court. <u>McNellis-Wallace v. Hoffman</u>, 464 N.J. Super. 409, 415 (App. Div. 2020). Under <u>Rule</u> 4:6-2(e), a complaint can be dismissed if the facts alleged in the complaint do not state a viable claim as a matter of law.  The standard for determining the adequacy of a plaintiff's pleadings is "whether a cause of action is 'suggested' by the facts."  <u>Green v. Morgan Props.</u>, 215 N.J. 431, 451-52 (2013) (quoting <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989)).  In its review, a court is also permitted to consider additional documents when those documents are relied on by or form the basis of plaintiff's allegations in the complaint.  <u>Banco Popular N. Am. v. Gandi</u>, 184 N.J. 161, 183 (2005).

The review of a pleading and the documents it references "is to be 'undertaken with a generous and hospitable approach,'" McNellis-Wallace, 464 N.J. Super. at 415 (quoting Printing Mart, 116 N.J. at 746), and "every reasonable inference of fact" should be drawn in plaintiff's favor. Banco, 184 N.J. at 183 (quoting Printing Mart, 116 N.J. at 746). However, where a complaint "states no basis for relief and discovery would not provide one," the complaint should be dismissed. McNellis-Wallace, 464 N.J. Super. at 415 (quoting Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011)).

Applying our de novo standard of review, we conclude Judge Minkowitz correctly dismissed plaintiff's complaint, substantially for the reasons expressed in the judge's thorough written decision. We add only the following comments.

To the extent that plaintiff's 2019 complaint challenged as illegal spot zoning any municipal action taken in 2007 or 2017, plaintiff's complaint was time barred by Rule 4:69-6. The Rule requires, except under certain circumstances that do not apply here, see R. 4:69-6(c)[4]; Hopewell Valley

---

[4] Defendants contend that plaintiff did not argue before Judge Minkowitz that Rule 4:69-6(c) required his time barred claims be considered. Rather, he raises it for the first time on appeal and under Nieder v. Royal Indemnity Insurance Co., 62 N.J 229, 234 (1973), we should not consider it. However, none of the

Citizen's Grp., Inc. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 578-83 (2011), that "[n]o action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed." R. 4:69-6(a).

Similarly, because plaintiff's action against the Board was filed before it rendered a decision on JCM's application in 2019, plaintiff's claim against the Board was premature. His entitlement to relief, if any, was contingent upon the Board approving the plan it was still considering when plaintiff filed. An action in lieu of prerogative writs accrues upon publication of the Board's decision on an application. See N.J.S.A. 40:55D-10(i); R. 4:69-6(b)(3). Because plaintiff filed his complaint before the Board completed its consideration of the application and published its decision, his challenge was not ripe for a court's review. See Gross v. Iannuzzi, 459 N.J. Super. 296, 299 n.3 (App. Div. 2019)

---

parties have supplied us with an appendix that contains any document that confirms whether the issue was raised. To the contrary, the only evidence in the record that broaches the topic—a portion of plaintiff's brief supporting his opposition to dismissal which he provided in a reply appendix—asserts that an argument on enlargement of time should be "advanced in a full briefing preceding a decision by the . . . [c]ourt, rather than in a motion to dismiss." Regardless, we conclude there was no basis to extend the time period for filing a complaint.

A-1812-19

(finding an issue not ripe where a local planning/zoning board had not issued a decision).

Regardless of its untimeliness, plaintiff's Whispering Woods challenge based upon an allegation that the Board was somehow bound to approve the 2019 site plan was unsupported by the limited record we were provided. Rather, as noted above, it is apparent from the record that the Board considered JCM's new application in detail, which included accepting input from members of the public.

Addressing plaintiff's other argument about the Board's October 21, 2019 meeting violating Whispering Woods, it appears he essentially contends that the meeting did not satisfy Whispering Woods because a comment by the Board's attorney limited discussions about the number of units that could be built under the new proposed plan submitted pursuant to the settlement agreement.

Despite relying on that comment, plaintiff failed to provide us with a copy of the transcript from the meeting. He alleges that when the objector's attorney asked an expert if a reduced number of buildings could be constructed, the Board's attorney reminded counsel that "there[ is] a settlement . . . that provides there be 260 units an acre," so whether fewer units could be built was irrelevant.

 A-1812-19

Notwithstanding plaintiff's omission, and contrary to his contention on appeal, there is nothing in Whispering Woods to suggest that the public must be given wide latitude at a hearing to renegotiate the terms of an agreement settling an action in lieu of prerogative writs. Whispering Woods requires that a settlement agreement be "subject to public presentation, a public hearing thereon and a public vote." Whispering Woods, 220 N.J. Super. at 172.[5] The court ruled in that case that any settlement must lead to "official action by the public body," and must be subject to all statutory conditions "necessary to vindicate the public interest," including "notice, public hearing, public vote, written resolution, etc." Ibid.

Here, plaintiff made no allegation that inadequate notice was provided for the October 21, 2019 meeting or that the matter was not subjected to a public

_____

[5] Though Whispering Woods, a Law Division case, is not binding authority on this court, the precepts underlying the decision are persuasive, and its influence on settlement procedures in land use cases has been widespread. Indeed, we have cited the opinion with approval on multiple occasions. See Friends of Peapack-Gladstone v. Borough of Peapack-Gladstone Land Use Bd., 407 N.J. Super. 404, 424 (App. Div. 2009) (noting that "the process utilized by the Board here, as in Whispering Woods, fulfilled 'all of the statutory conditions necessary to vindicate the public interest,' including 'notice, [a] public hearing, [a] public vote, [and a] written resolution'" (alterations in original) (quoting Whispering Woods, 220 N.J. Super. at 172)); Gandolfi v. Town of Hammonton, 367 N.J. Super. 527, 548 (App. Div. 2004) (citing Whispering Woods for the proposition that in land use settlement cases, the public's interest must be protected).

A-1812-19

hearing. He acknowledges that a meeting took place on October 21, 2019, to discuss the agreement and present JCM's new plan.[6] He only argues, without any authority, that the Board's attorney's one comment undermined the integrity of the meeting's conformance with Whispering Woods. His contention is without merit. Accordingly, Judge Minkowitz appropriately found that the procedures followed in approving the settlement agreement comported with the requirements of Whispering Woods and dismissed plaintiff's claim.

Turning to plaintiff's contention Judge Minkowitz misapplied the standard for deciding motions under Rule 4:6-2 by considering the language of the settlement agreement rather than limiting his considerations to the portions plaintiff quoted in his complaint, we conclude the argument is equally without merit. In determining whether dismissal under the Rule is appropriate, courts can consider a document referred to and relied on by a party in making the complaint, or documents that are in the public record. See Teamsters Loc. 97 v. State, 434 N.J. Super. 393, 413-14 (App. Div. 2014).

Also, to the extent plaintiff argues that Judge Minkowitz misread or misquoted the 2019 settlement agreement, because plaintiff has failed to provide

_____

[6] The minutes of the Board's regular meeting on November 18, 2019, also refer to the fact that the matter was presented and subjected to public discussion before a resolution was adopted on December 16, 2019.

A-1812-19

us with a copy of the agreement, we are unable to review his claim. See <u>State v. Robertson</u>, 438 N.J. Super. 47, 57 n.4 (App. Div. 2014) (citing to language now found in <u>R.</u> 2:6-1(a)(1)(I) and stating: "We obviously cannot address documents not included in the record"); <u>Gross v. Borough of Neptune City</u>, 378 N.J. Super. 155, 159 (App. Div. 2005) (affirming the trial court's decision where the challenging party failed to include the evidence relied on by the trial court in the record, thereby providing "no basis for disagreeing with the judge's determination").

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17